**Raymond J. TARASI, an individual and Seal-Pac Controls, Inc. a corporation, Plaintiffs,**

v.

**DRAVO CORPORATION a corporation, Defendant.**

Civ. A. No. 83–404.

United States District Court, W.D. Pennsylvania.

Aug. 5, 1985.

John T. Tierney, Pittsburgh, Pa., for plaintiffs.

E.F. Welsh, Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

This is an action in which plaintiffs originally alleged antitrust, contract, and tort

claims, but later amended their complaint adding unfair competition and Racketeer Influenced and Corrupt Organization (RICO) violations. Defendant now moves to dismiss the RICO count for failure to state a claim upon which relief can be granted giving the following reasons:

1. Plaintiffs' failure to allege "person" and "enterprise" as distinct entities;

2. Plaintiffs' failure to properly allege the existence of predicate acts upon which the "pattern of racketeering activities" is established;

3. Plaintiffs' failure to set forth with specificity the allegations of a conspiracy;

4. Plaintiffs' failure to allege racketeering injury.

▉ The second and fourth bases of defendant's arguments were considered and rejected recently by the United States Supreme Court in *Sedima, S.P.R.L v. Imrex Co., Inc., et al.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and in *American National Bank and Trust Co. of Chicago et al v. Haroco, Inc., et al.,* — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). The court decided that racketeering injury was not a requirement to state a RICO claim, and that injury caused by the predicate acts was sufficient. Since the latter injury is present in this case we need not give defendant's fourth argument any further consideration.

▉ As to the lack of allegations pertaining to the predicate acts, we note that the *Sedima* Court clarified what allegations are necessary. To state a claim under RICO, 18 U.S.C. § 1962(c) the plaintiff must allege (1) conduct, (2) of an enterprise (3) through a pattern, (4) of racketeering activity. *Sedima,* at — – —, 105 S.Ct. at 3284–86. Thus ostensibly, plaintiffs must simply allege that Dravo conducted an enterprise through a pattern of racketeering, and need not allege the elements of the predicate acts. We believe that plaintiffs' amended complaint meets the *Sedima* requirements, and defendant's second argument is therefore rejected.

▉ In reviewing the amended complaint, we believe that defendant's first argument is more troublesome. Plaintiffs' allegations in this regard are somewhat confusing since they state that

1. Dravo is an enterprise;

2. Dravo in combination with others such as Marcel Bilodeau formed an enterprise;

3. Dravo conducted its business through a pattern of racketeering activity.

Amended Complaint at p. 26.

These allegations appear to cast defendant in the role of both "person" and "enterprise" for RICO purposes as the defendant has claimed.

Plaintiffs argue that they can maintain an action against any defendant which either is an enterprise or is part of an enterprise. In making this argument, they attempt to distinguish *B.F. Hirsch v. Enright Refining Corp.,* 751 F.2d 628, 633 (3d Cir.1984), and rely on *Sedima* claiming that it "implicitly overruled" *Hirsch.*

We disagree with this argument since the *Sedima* Court did not have this issue before it, and in no way did the Court there purport to deal with this issue even in dicta. While we note the split in authority regarding the requirement that a RICO "person" (defendant) and a RICO "enterprise" be distinct entities; *see Hirsch,* 751 F.2d at 633; and while we acknowledge the Supreme Court's inclination to broadly construe RICO's statutory provisions; *see Sedima, supra,* and *Haroco, supra;* we nonetheless believe that the *Hirsch* ruling remains the controlling law on this issue in the Third Circuit. The *Hirsch* court held that a violation of Section 1962(c) by a corporate entity requires an association with an enterprise that is not the same corporation. *Hirsch,* 751 F.2d at 634. The Court's holding is the logical conclusion of its statutory construction that a RICO "person" and a RICO "enterprise" must be distinct entities. *Id.* at 633–34.

Furthermore, we do not understand plaintiffs' alternative claim that *Hirsch* is

distinguishable in that the plaintiff there charged the corporation itself with the predicate acts. Plaintiffs argue that the difference in the present case is that the corporation's employees are charged with the predicate acts. We find no support for this argument in the allegations of the amended complaint which appear to charge Dravo itself with the predicate acts. Amended Complaint at 26.

It is true that plaintiffs indicate in their brief that discovery has revealed that Roger Pellett, Randy Davis, Ken Anderson and Marcel Bilodeau perpetrated the predicate acts of fraud while acting within the scope of their authority as agents for Dravo. Plaintiff's Brief further indicates that they have merely elected to sue the agents' principal instead of suing the agents themselves. These attempts at factual distinctions do not make any real difference since a corporation cannot operate except through its officers and agents. Plaintiffs' agency theory is not in keeping with the rule in *Hirsch* that the person charged with the RICO violation under Section 1962(c) cannot be the same entity as the enterprise with which it is associated. As it appears from plaintiffs' arguments that their claim is based primarily on Section 1962(c), their RICO claim will be dismissed.

An appropriate order will issue.