**Mahmoud FUSTOK, Plaintiff,**

v.

**CONTICOMMODITY SERVICES, INC., Conticapital Management Inc., Continental Grain Company, Walter M. Goldschmidt, Norton Waltuch, Tom Waldeck and Ivan Auer, Defendants.**

**No. 82 Civ. 1538(MEL).**

United States District Court, S.D. New York.

Sept. 20, 1985.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff; Herbert Stoller, Eliot Lauer, Scott J. McKay Wolas, New York City, Andrew S. Montgomery, Law Clerk, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants ContiCommodity Services, Inc. Tom Waldeck and Ivan Auer.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Norton Waltuch, Steven J. Glassman, New York City, of counsel.

LASKER, District Judge.

The twenty-fourth claim of the Second Amended Complaint alleges that "Conti, Conti Grain and Conti Management (or in the alternative, Conti, Conti Grain, Conti Management, Advicorp and/or Nahas) were an enterprise ..., as defined in 18

U.S.C. § 1961(4) engaged in, and the activities of which affected, interstate and foreign commerce"; that "the defendants, being individuals and entities employed by and associated with the enterprise, unlawfully, wilfully and knowingly did conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity ..."; that such conduct violated 18 U.S.C. §§ 1962(c) and (d); and that Fustok was injured by the defendants' conduct.

All of the defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the twenty-fourth claim for failure to state a claim upon which relief can be granted. The single argument advanced by the defendants is that the RICO claim is defective because Conti, Conti Grain and Conti Management, who are among the named defendants, cannot as a matter of law simultaneously be RICO "enterprises" and "persons" liable to Fustok under that statute. For the reasons set forth below the motion is denied.

18 U.S.C. § 1962(c) (1982) provides that [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The Court of Appeals for the Second Circuit has recently followed the majority of the circuits in holding that "under section 1962(c) a corporate entity may not be simultaneously the 'enterprise' and the 'person' who conducts the affairs of the enterprise through a pattern of racketeering activity." *Bennett v. United States Trust Co.,* 770 F.2d 308, 315 (2d Cir.1985); *see also B.F. Hirsch v. Enright Refining Company, Inc.,* 751 F.2d 628, 633–34 (3rd Cir.1984); *Haroco v. American National Bank and Trust Company,* 747 F.2d 384, 399–402 (7th Cir.1984), *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *United States v. Com-*

*puter Sciences Corp.,* 689 F.2d 1181, 1190–91 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Bennet v. Berg,* 685 F.2d 1053, 1061–62 (8th Cir.1982), *aff'd on rehearing,* 710 F.2d 1361 *(en banc), cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *but see United States v. Hartley,* 678 F.2d 961, 987–90 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014, 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983). In sum, the defendants have correctly stated the relevant law. Nevertheless, because we find that the Second Amended Complaint alleges the existence of an enterprise with an identity that is distinct from the defendants Fustok seeks to hold liable under RICO, the motion is denied.

\*　　\*　　\*　　\*　　\*　　\*

■ It is Fustok's position that the association in fact of the three corporations constitutes an "enterprise" within the meaning of RICO, and that the association is an entity that is "separate and distinct" from the individual corporation defendants themselves. The defendants reply that while it is permissible under the statute to allege that the parent corporation is an enterprise whose affairs are conducted by its (defendant) subsidiary, a RICO enterprise may *not* consist of a parent and subsidiary, when that parent and subsidiary are also alleged to be the "persons" through which the enterprise's affairs were conducted.

18 U.S.C. §§ 1961(3) and (4) provide that (3) "person" includes any individual or entity capable of holding a legal or beneficial interest in property; (4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity; ....

In *United States v. Huber,* 603 F.2d 387, 393–94 (2d Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980), the Court of Appeals for this Circuit held that a group of corporations may constitute a "group of individuals associated in fact"

within the meaning of section 1961(4).[1] Moreover, an association in fact which constitutes a RICO enterprise is not merely a synonym for the collective of "individuals" which form the association, but instead, it is a distinct entity. As the court stated in *Haroco, supra:*

> Where persons associate "in fact" for criminal purposes, *see* [*United States v. Turkette,* 452 U.S. 576, 584, 101 S.Ct. 2524, 2529, 69 L.Ed.2d 246 (1981)], each person may be held liable under RICO for his, her or its participation in conducting the affairs of the association in fact through a pattern of racketeering activity. But the nebulous association in fact does not itself fall within the RICO definition of "person". We doubt that an "association in fact" can, as such, hold any interest in property or even be brought into court. In the association in fact situation, each participant in the enterprise may be a "person" liable under RICO, but the association itself cannot be. 747 F.2d at 401.

*See also Hudson v. LaRouche,* 579 F.Supp. 623, 628 (S.D.N.Y.1983); *cf. Rich-Taubman Association v. Stamford Restaurant Operating Co.,* 587 F.Supp. 875, 878 (S.D.N.Y. 1984) (association consisting of all "builder and vendor defendants" was properly alleged RICO "enteprise").

 It is true that the Second Amended Complaint does not explicitly allege that the three corporations were "associated in fact". However, the relevant paragraph in the complaint relies upon section 1961(4) which contains that language. *See* Second Amended Complaint at ¶ 102. We read the complaint to assert that a group of corporations[2] formed an enterprise for the purpose of engaging in commodities trading, or alternatively, manipulating the silver market, and in any event, the business of the enterprise was conducted through a pattern of racketeering, i.e., the perpetration of fraudulent transactions concerning Fustok's account. Moreover, we find that the allegations as to the enterprise, i.e., the association, separate and distinguish it from the individual entrepreneurs, i.e., the named defendants. It follows that the twenty-fourth claim is legally sufficient.

 Nonetheless, Fustok's request for Rule 11 attorney's fees in connection to his costs in defending against the motion is denied. In view of the complexities of the RICO statute (the interpretation of which is still evolving through the courts) and particularly where, as here, courts have come to different conclusions in answering the legal questions raised by the defendants' motions, the defendants' motions cannot be regarded as frivolous and Fed.R. Civ.P. 11 has not been violated. *See generally Wells v. Oppenheimer & Co.,* 101 F.R.D. 358, 359 (S.D.N.Y.1984).

The motion to dismiss the twenty-fourth claim in the Second Amended Complaint is denied.

It is so ordered.

---

**1.** *United States v. Huber, supra,* involved criminal RICO charges. However, "the essential elements of a substantive § 1962 RICO offense are the same in both criminal and civil RICO actions." *Kaufman v. Chase Manhattan Bank, N.A.,* 581 F.Supp. 350, 357 (S.D.N.Y.1984); *ac-* cord *Haroco v. American National Bank & Trust Co.,* 747 F.2d at 400.

**2.** Or, in the alternative, Conti, Conti Grain, Conti Management, Nahas and/or Advicorp are separate "individuals".