OFFICIAL PUBLICATIONS,
INC., Plaintiff,

v.

KABLE NEWS COMPANY, INC., Daniel
Friedman and Alfred W. Holpp, Jr.,
Defendants.

No. 85 Civ. 1464 (DNE).

United States District Court,
S.D. New York.

Oct. 7, 1991.

Law Offices of Barry I. Fredericks, New York City (Barry I. Fredericks, of counsel), for plaintiff.

Jacobs Persinger & Parker, New York City (I. Michael Bayda, of counsel), for defendants.

## OPINION AND ORDER

EDELSTEIN, District Judge:

In this damages action, Official Publications, Inc. ("Official") seeks to recover for injuries it allegedly sustained as a result of defendants' fraudulent business practices. Official bases its complaint upon both state law and the federal RICO statute.

### Background

Official is a publisher of magazines for distribution and sale to the public. Kable News Company, Inc. ("Kable"), a distributor of magazines, entered into a series of exclusive agreements with Official under which Kable agreed to distribute Official's publications. The two most recent agreements, enacted in 1974 and 1980, allowed Kable to grant certain wholesalers special allowances, for which Official then had to compensate Kable. The agreements also called for Kable to submit to Official individual monthly statements for each magazine title it distributed; these statements provided various financial sales data. When Kable changed the statement format in 1984, Official supposedly discovered that Kable had granted its customers, who were wholesalers, allowances in excess of that permitted by the 1974 and 1980 agreements. Official alleges that Kable then charged these discounts to its account, which reduced profits. Official's "allowance" claim is based on such charges.

Official has also asserted a "service fee" claim. It claims that Kable reduced its bills to certain wholesalers, charged the wholesalers a service fee and also charged Official for the initial discount without accounting for the service fee. Official contends that defendants Daniel Friedman ("Friedman") and Alfred W. Holpp, Jr. ("Holpp"), Kable's principal officers, designed and implemented this fraudulent scheme.

After amending its complaint, Kable asserted claims under the Robinson–Patman Price Discrimination Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Mail Fraud Act, the Wire Fraud Act and also sued for breach of contract and common law fraud. By Order dated August 4, 1988, this Court granted Kable's motion to dismiss because Official lacked standing on its Robinson–Patman Act claim and because it failed to plead fraud with specificity as required by Federal Rule of Civil Procedure 9(b). Official's failure to comply with Rule 9(b) led to a dismissal of all fraud charges and the RICO claim, which relied on predicate acts involving fraud. Finally, this Court dismissed Official's claim under section 1962(c) of the RICO statute because Kable, which was the sole defendant in the initial action, could not be both a "person" and an "enterprise" under the statute. *See Official Publications, Inc. v. Kable News Co.,* 692 F.Supp. 239 (S.D.N.Y.1988), *aff'd in part and rev'd in part,* 884 F.2d 664 (2d Cir.1989). On appeal, the Second Circuit upheld this Court's finding that plaintiff lacked standing to sue under the Clayton Act and also affirmed the Section 1962(c) ruling, but granted Official leave to replead its fraud claims. *See Official Publications, Inc. v. Kable News Co.,* 884 F.2d 664, 670 (2d Cir.1989). Official has now filed a second amended complaint, in which it has alleged RICO, mail and wire fraud violations, and also has asserted state law claims for breach of contract, fraud, accounting and punitive damages.

The defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), for summary judgment under Rule 56(b) and to strike Official's jury demand pursuant to Rule 38. Defendants' Rule 12(c) motion is denied in part and granted in part. The Rule 56(b) motion is denied. The Rule 38 motion is moot.

### I. The Rule 12(c) Motion

The defendants have moved pursuant to Rule 12(c) for judgment on the pleadings as to Official's RICO claim. In so moving, the defendants have not referred, and this Court has not considered, materials outside the pleadings; therefore, the 12(c) motion is not treated as one for summary judgment. *See Ad–Hoc Comm. of the Baruch Black and Hispanic Alumni Ass'n*, 835 F.2d 980, 982 (2d Cir.1987). On the 12(c) motion, the defendants assert that Official failed to state a RICO cause of action. Rule 12(h)(2) permits a party to assert a defense of failure to state a claim upon which relief can be granted after the pleadings have closed in the form of a 12(c) motion. *See id.; 5A C. Wright & A. Miller Federal Practice & Procedure* § 1367, at 515–16 (1990).

In assessing such a defense, courts employ the 12(b)(6) standard. *See Ad–Hoc Committee*, 835 F.2d at 982. Under a Rule 12(b)(6) standard, courts "view all facts and allegations in the complaint in the light most favorable to" the plaintiff. *Juster Associates v. City of Rutland*, 901 F.2d 266, 269 (2d Cir.1990). Moreover, courts must liberally construe allegations in the complaint and deny the motion " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Rauch v. RCA Corp.*, 861 F.2d 29, 30 (2d Cir.1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). In addition, the Supreme Court has consistently rejected a narrow interpretation of pleading under the RICO statute. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 235–36, 109 S.Ct. 2893, 2898–99, 106 L.Ed.2d 195 (1989); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S.

479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Sperber v. Boesky*, 849 F.2d 60, 63 (2d Cir.1988).

### A. 18 U.S.C. § 1962(a)

The defendants allege that Official has failed to state a claim under 18 U.S.C. § 1962(a). Section 1962(a) provides that:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to invest, directly or indirectly, any part of such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a) (1990).

The Second Circuit has stated that "to state a claim under § 1962(a), a plaintiff must allege injury from the defendants' investment of racketeering income in an enterprise." *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir.1990); *see also Vista Co. v. Columbia Pictures Indus., Inc.*, 725 F.Supp. 1286, 1299 (S.D.N.Y.1989) (investment of racketeering income in defendants' general business operations does not state a § 1962(a) claim); *In re Gas Reclamation, Inc. Sec. Litig.*, 659 F.Supp. 493, 511 (S.D.N.Y.1987) (same). In its second amended complaint, Official alleges that the defendants invested racketeering income in the criminal enterprise that injured Official. This allegation, while hardly laden with detail, satisfies the *Ouaknine* court's pleading requirement and thus states a claim under § 1962(a).

### B. 18 U.S.C. § 1962(b)

The defendants assert that Official has failed to state a claim under 18 U.S.C. § 1962(b), which provides that:

It shall be unlawful for any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(b) (1990). To state a claim under § 1962(b), plaintiff must allege an injury resulting from the acquisition or control of an enterprise through a pattern of racketeering activity. *See Vista*, 725 F.Supp. at 1300. "As with sections (a) and (c), '[s]ection 1962(b) requires a showing of a relationship or nexus between the pattern of racketeering activity and the interest or control obtained.'" *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 709 F.Supp. 438, 453 (S.D.N.Y.1989) (quoting *Cincinnati Gas & Elec. Co. v. General Elec. Co.*, 656 F.Supp. 49, 85 (S.D. Ohio 1986)). Official has failed to allege any connection between the defendants' racketeering activity and their interest in the criminal enterprise. Official's complaint suggests that Kable is largely a legitimate business that engaged in fraudulent business practices; it never asserts that the defendants' criminal conduct enabled them to obtain an interest in or control of any enterprise. Accordingly, Official's § 1962(b) claim is dismissed.

### C. 18 U.S.C. § 1962(c)

Defendants Holpp and Kable allege that Official failed to state a claim under § 1962(c) concerning the service fee claim; all defendants assert that Official failed to state a claim under § 1962(c) concerning the special allowance claim. Section 1962(c) provides that:

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ."

18 U.S.C. § 1962(c) (1990).

Official has successfully asserted a § 1962(c) claim against both Holpp and Friedman. The Second Circuit standard for maintaining a section 1962(c) action is whether "(1) the person was enabled to commit the predicate offenses 'solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise,' or (2) that the predicate offenses were 'related to the activities of that enterprise.'" *Vista*, 725 F.Supp. at 1298 (quoting *United States v. Scotto*, 641 F.2d 47, 54 (2d Cir.1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981)). Plaintiff alleges that defendants Holpp and Friedman were the principal officers of Kable, which is the relevant criminal enterprise. Plaintiff further alleges that the defendants committed the supposedly wrongful acts through Kable. Allegations of such conduct satisfy the *Scotto* standard.[1]

Kable's motion to dismiss the section 1962(c) claim has merit. The Second Circuit has stated that for purposes of Sections 1962(b)–(c), a corporation may not be both a person and an enterprise. *See Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 669 (2d Cir.1989); *Bennett v. United States Trust Co.*, 770 F.2d 308, 315 (2d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). "[A] violation of section 1962(c) by a corporate entity requires an association with an enterprise that is not the same as the corporation." *B.F. Hirsch v. Enright Ref. Co.*, 751 F.2d 628, 634 (3d Cir.1985). Official asserts that the enterprise is not Kable, but rather is a separate entity comprised of Kable, Friedman and Holpp. The issue before this Court, then, is whether a corporation and its principal officers can form a separate criminal enterprise.

The Second Circuit has held that *Bennett* does not imply that "a single entity could not be both the RICO 'person' and one of a number of members of the RICO 'enterprise.'" *Cullen v. Margiotta*, 811 F.2d 698, 729–30 (2d Cir.), *cert. denied sub nom., Nassau County Republican Comm. v. Cullen*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). For instance, the *Cul-*

---

**1.** Such conduct satisfies the more stringent test formulated in other circuits that requires the person to be involved "in the operation or management of the business." *United States v. Mandel*, 591 F.2d 1347, 1375 (4th Cir.1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980); *see Bennett v. Berg*, 710 F.2d 1361, 1364 (8th Cir.), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1984).

*len* court refused to dismiss section 1962(c) claims against several defendants who allegedly formed an enterprise consisting of a town, a town committee and a county committee. Similarly, in *Fustok v. Conticommodity Services, Inc.,* 618 F.Supp. 1074, 1075–76 (S.D.N.Y.1985), the court found that while a corporation could not be a person and an enterprise, it found that several corporations that enjoyed a parent-subsidiary relationship could join together to form an entity that was distinct from any individual defendant.

These cases, however, do not involve a corporation and its officers. Courts that have considered this issue conclude that "an organization cannot join with its own members to do that which it normally does and thereby form an enterprise separate and apart from itself." *Yellow Bus lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639,* 883 F.2d 132, 141 (D.C.Cir. 1989); *see Old Time Enter., Inc. v. International Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir.1989); *Atkinson v. Anadarko Bank & Trust Co.,* 808 F.2d 438, 441 (5th Cir.), *cert. denied,* 483 U.S. 1032, 107 S.Ct. 3276, 97 L.Ed.2d 780 (1987); *Tarasi v. Dravo Corp.,* 613 F.Supp. 1235, 1236–37 (W.D.Pa.1985). "The reason this theory fails as a matter of law … is that the legal concept of a corporation includes its employees and officers. To speak of a corporation 'associating with' an [enterprise] of itself and its workers" is to allow plaintiffs to circumvent the general rule, followed in this Circuit, that a corporation cannot be both a RICO person and an enterprise. *Radionic Ind., Inc. v. GTE Prod. Corp.,* 665 F.Supp. 622, 627–29 (N.D.Ill.1987). Accordingly, Official's section 1962(c) claim against Kable is dismissed.

### D. 18 U.S.C. § 1962(d)

■ Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d) (1990). The defendants assert that Official has failed to plead adequately a RICO conspiracy. The Second Circuit has held that to plead a RICO conspiracy, plaintiffs must allege that each defendant agreed to commit, and committed, two predicate acts of racketeering activity. *See United States v. Teitler,* 802 F.2d 606, 613 (2d Cir.1986). Because Official's complaint sets forth facts that allow this Court to conclude that the defendants allegedly agreed to commit and did commit the requisite predicate acts, defendants' motion to dismiss Official's section 1962(d) claim is denied.

### E. Rule 9(b)

Rule 9(b) extends to Official's RICO claims because Official bases its RICO action on the predicate acts of mail and wire fraud under 18 U.S.C. §§ 1341, 1343. *See Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 49–50 (2d Cir.1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). The defendants assert that the complaint is not sufficiently specific and also that it improperly attempts to plead fraud upon information and belief. While Official's complaint is hardly a model of clarity or precision, it does set forth allegations with sufficient specificity to satisfy Rule 9(b).

■ Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). In a motion to dismiss based on Rule 9(b), plaintiff's allegations must be taken as true. *See Luce v. Edelstein,* 802 F.2d 49, 52 (2d Cir.1986). The fraud allegations must be sufficiently specific to allow the defendant to answer and respond to the charges. *See Ross v. A.H. Robins Co.,* 607 F.2d 545, 557–58 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

■ Rule 9(b) is satisfied if the complaint sets forth:

(1) precisely what statements or omissions were made;

(2) the time, place and person responsible for each such statement or omission;

(3) the content of such statements or omissions and their effect on plaintiff; and

(4) what the defendants gained from the fraud.

*See O'Brien v. National Property Analysts Partners,* 719 F.Supp. 222, 225 (S.D.N.Y.1989); *Conan Properties, Inc. v. Mattel, Inc.,* 619 F.Supp. 1167, 1172 (S.D.N.Y.1985). Official's complaint alleges that all three defendants, on specific dates, made fraudulent statements to Official with the intent to defraud Official. The complaint also sets forth the content of some of these statements and the effect of these statements on Official. *See* Second Amended Complaint, paras. 36–42.

██ "Plaintiffs are not required to recite the precise statement which the specific individual in the defendant corporation made on a particular date. [In addition], the fact that [some of] plaintiff's allegations are based on information and belief also does not defeat the fraud claims." *Vista,* 725 F.Supp. at 1302. Because all of Official's allegations involve deception by the defendants, the factual basis for the fraud lies with the defendants; this justifies a complaint that pleads fraud partially based upon information and belief. Furthermore, plaintiff has alleged facts that support its information and belief. Accordingly, the defendants' motion to dismiss the RICO claims on Rule 9(b) grounds is denied.

## II. The Rule 56 Motion

"It is well settled that a court should grant a motion for summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir. 1990); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The Supreme Court has noted that whether an issue is genuine and material for purposes of summary judgment is decided under the directed verdict standard: "whether the evidence presents a sufficient disagreement to re-quire submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) ("court may grant summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

██ The defendants assert that they are entitled to summary judgment on Official's allowance claim because the 1974 and 1980 agreements permitted Kable to charge Official's account for any allowances. Because the contracts supposedly permitted Kable unrestricted discretion to grant allowances, the defendants contend that they did not act improperly. In addition, the defendants assert that they did not deceive Official in connection with the allowance claim and that Official did not suffer damages; therefore, even if the defendants breached the 1974 or 1980 agreements, they did not violate the RICO statute.

When assessing summary judgment motions involving construction of contractual language, courts "should accord that language its plain meaning giving due consideration to 'the surrounding circumstances [and] apparent purpose which the parties sought to accomplish.'" *Cable Science,* 920 F.2d at 151 (quoting *William C. Atwater & Co. v. Panama R.R. Co.,* 246 N.Y. 519, 524, 159 N.E. 418 (1927)). Furthermore, summary judgment is usually inappropriate where the issue involves the parties' intent. *See National Union Fire Ins. Co. v. Turtur,* 892 F.2d 199, 205 (2d Cir. 1989).

The 1980 agreement requires that Official "reimburse [Kable] for any and all allowances given in connection with retail display agreements [and] to reimburse [Kable] for any and all allowances made by [Kable] to any of its sales outlets in locations where special labor conditions or other situations and conditions causing such

638

allowances exist." The Second Circuit noted, in a prior ruling in this action, that "the contracts appeared to permit Kable to grant special allowances in its sole discretion, without limitation, and to charge any and all of the allowances back to Official." *Official,* 884 F.2d at 666.

Official disputes this and asserts that the agreements did not provide for reimbursement of all special allowances, but only those similar in nature to retail display or labor costs. Official further contends that the parties adhered to this contractual interpretation by a course of conduct that limited allowances. While the contract appeared to empower Kable unfettered discretion to grant allowances and charge those allowances to Kable, summary judgment is still inappropriate on the allowance claim.

Official's interpretation of the contractual language, while hardly overpowering, is not implausible. In addition, it is unlikely that Official would grant Kable the power to discount its product without limitation. It is well settled that such ambiguity permits the introduction of parol evidence to explain that ambiguity; thus, Official may, by parol evidence, explain the contractual language. *See Garza v. Marine Transp. Lines, Inc.,* 861 F.2d 23, 26–28 (2d Cir. 1988); *Estate of Trunk,* 550 F.2d 81, 85 (2d Cir.1977); 58 N.Y. Juris. 2d "Evidence & Witnesses" (1986 ed.) at 579–80. Clearly, then, the issue of whether Kable exceeded its authority to grant and recover allowances presents genuine issues of material fact. Kable's claim that it did not deceive Official and that Official did not suffer damages in connection with the allowances also involves genuine issues of material fact. Accordingly, Kable's motion for summary judgment on the allowance claim is denied.

The defendants also claim that they are entitled to summary judgment on the service fee claim. This claim is without merit. For instance, Official contends that a memorandum written by the defendants reveals a scheme to reduce bills to wholesalers by 2%, charge the wholesalers a 3% service fee and also charge Official for the whole 2% allowance. The defendants, on the other hand, contend that the memorandum reveals the defendants' intent to operate wholly within the contractual language. This is a genuine issue of material fact, though many others exist, that precludes a grant of summary judgment for defendants on the service fee claim.

The defendants also assert that they are entitled to summary judgment on Official's state law claims: breach of fiduciary duty, common law fraud and deceit, accounting and punitive damages.

Whether Official is entitled to an action for breach of fiduciary duty and an accounting depends on whether a fiduciary relationship existed between Kable and Official. *See Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460 N.Y.S.2d 552 (1st Dep't 1983). In *Kensington Publishing Corp. v. Kable News Co.,* 100 A.D.2d 802, 474 N.Y.S.2d 524, 526 (1st Dep't 1984), the court found that a distribution agreement between Kable, the defendant in the instant action, and Kensington, which contained provisions identical to the one between Kable and Official did not establish a fiduciary relationship. The court reasoned that because "[t]he contract explicitly provide[d] that all moneys paid or owing from defendant's sales outlets are the absolute property of defendant, and that the relationship between the parties [was] that of creditor and debtor and that defendant [was] not the agent of plaintiff", a fiduciary relationship did not exist. *Id.*

It is well settled that a mere creditor-debtor relationship does not establish a fiduciary relationship. *See Beneficial Commercial Corp. v. Murray Glick Datsun, Inc.,* 601 F.Supp. 770, 772 (S.D.N.Y.1985). A fiduciary relationship arises "from the assumption of control and responsibility and is founded upon trust reposed by one party in the integrity and fidelity of another." *Id.* In light of such a rule, the *Kensington* court's finding does not compel this court to find as a matter of law that a fiduciary relationship did not exist between Official and Kable. Unlike the Official–Kable relationship, Kable's relationship with Kensington did not involve

an exclusive distributorship. Furthermore, Kable and Official enjoyed a long prior relationship. It is a question of fact, therefore, whether Kable and Official enjoyed a fiduciary relationship. *See Deem v. Lockheed Corp.*, No. 87 Civ. 7017, 1991 WL 196171 (S.D.N.Y. September 25, 1991). Accordingly, Kable's motion for summary judgment on the accounting and breach of fiduciary duty claims is denied.

The defendants summary judgment motion concerning the fraud claim is based on Rule 9(b). The defendants claim here is based upon reasoning that is identical to its rationale for dismissing Official's RICO claim under Rule 9(b). Because this Court has found that Official satisfied Rule 9(b), the defendants motion concerning the fraud cause of action is denied.

 Finally, the defendants have moved for summary judgment on Official's claim for punitive damages. Under New York law, punitive damages are available where defendants' "conduct has constituted 'gross, wanton, or willful fraud or other morally culpable conduct' to an extreme degree." *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 657 (2d Cir. 1989) (quoting *Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495, 497 n. 1 (2d Cir.1962). Where punitive damage claims are predicated on fraud, some New York courts require the fraud to be directed at the general public. *See Walker v. Sheldon*, 10 N.Y.2d 401, 405–06, 223 N.Y.S.2d 488, 491–92, 179 N.E.2d 497, 498–99 (1961). Other decisions, however, indicate that the fraud need not be aimed at the general public if it is sufficiently willful or reckless. *See Roy Export Co. v. CBS, Inc.*, 672 F.2d 1095, 1106 (2d Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *Borkowski v. Borkowski*, 39 N.Y.2d 982, 983, 387 N.Y.S.2d 233, 233, 355 N.E.2d 287, 287 (1976). Official alleges that the defendants engaged in a scheme, characterized by wilfulness and intentionally deceptive practices, in which they intended to defraud Official; if proved, such an allegation supports a punitive damage award. In addition, if such conduct resulted in increased publishing costs, a fact finder may conclude that Kable directed the fraud at the general public. Accordingly, the defendants motion for summary judgment on Official's punitive damage claim is denied.

### III. Striking Official's Jury Demand

Because Official has withdrawn its jury demand, the defendants' motion to strike the jury demand is moot. *See* Official's Memorandum of Law, p. 23.

### Conclusion

The defendants' motion pursuant to Rule 12(c) is granted in part and denied in part. Official's claim against all defendants under 18 U.S.C. § 1962(b) is dismissed and Official's claim against Kable under 18 U.S.C. § 1962(c) is also dismissed. On all other claims, the defendants' 12(c) motion is denied. Furthermore, the defendants' motion for summary judgment is denied in its entirety.

SO ORDERED.