■ SAM PONTILLO et al., Appellants, v HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF EAST ROCHESTER, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiffs appeal from a judgment dismissing their complaint at the close of their proof in an action in which they sought to impose a constructive trust upon certain real property owned by defendant bank in the City of Batavia. The trial court correctly held that giving the plaintiffs the benefit of the most favorable inferences which could be drawn from their testimony there could "be no finding * * * that there was a confidential relationship that existed between the defendant bank and the plaintiffs". Briefly summarized, the facts are these. Plaintiffs testified that they desired to purchase a parcel of property adjacent to the bank's property. They had never dealt with the defendant bank prior to meeting with its branch manager to ascertain whether the bank would grant them a mortgage on the property. The manager told the plaintiffs that he knew that the property was for sale and that the bank was interested in it. He advised them to "stay away" from the real estate brokers and that the bank would "buy the building and that it would, turn around and lease the building to them with an option to buy * * * that they would pay on the option to buy [that had no time limit] whatever the bank paid for the property". A few days thereafter plaintiffs were told by the manager that the bank's board had decided to purchase the property, demolish the building and construct a new bank building. Plaintiffs contend that the bank's conduct was "unconscionable" and that its "deceit" in its negotiations with them was sufficient reason to grant them constructive trust relief. In a recent decision, *Sharp v Kosmalski* (40 NY2d 119, 121), the Court of Appeals reinstated a complaint in an action to impose a constructive trust and asserted the contours of the "constructive trust" doctrine in this statement: "Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' (Beatty v Guggenheim Exploration Co., 225 NY 380, 386; 1 Scott, Trusts [3d ed], § 44.2, p 337; 4 Pomeroy's Equity Jurisprudence [5th ed], § 1053, p 119). In the development of the doctrine of constructive trust as a remedy available to courts of equity, the following four requirements were posited: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment (see *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786; *Vassel v Vassel,* 40 AD2d 713, affd 33 NY2d 533; *Foreman v Foreman,* 251 NY 237; *Sinclair v Purdy,* 235 NY 245; *Ahrens v Jones,* 169 NY 555; *Matter of O'Hara,* 95 NY 403)." In its most recent decision on the subject the Court of Appeals in an opinion by Chief Judge Breitel repeated the four essentials which must be present in order to impress a constructive trust *(McGrath v Hilding,* 41 NY2d 625). If, indeed, the defendant's actions are accurately depicted by the plaintiffs, such conduct merits severe criticism. However, the complete absence of the requisite pre-existing and/or confidential relationship defeats plaintiffs' efforts to impress a constructive trust. Their complaint was properly dismissed. (Appeal from judgment of Genesee Supreme Court—constructive trust.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.