■ ELITE INVESTIGATIONS, LTD., Appellant, v ST. REGIS HOTEL JOINT VENTURE, Doing Business as ST. REGIS SHERATON HOTEL, et al., Respondents, et al., Defendants. [604 NYS2d 703] — Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 19, 1992, which granted the Sheraton defendants' motion to dismiss the complaint as against them, unanimously affirmed, without costs.

Plaintiff's cause of action, sounding in breach of contract, was properly dismissed since the documentary evidence demonstrates that the employment relationship involving security services at defendants-movants' hotel, was one "at will" and terminable by defendants at any time for any reason or no reason (Nagle v Shearson Lehman Bros., 190 AD2d 568). The contract was terminated immediately by letter dated December 28, 1990 addressed to plaintiff's president, and no allegations were made in the pleading to suggest that plaintiff's services or employees continued to be provided thereafter at the site.

We refuse to consider plaintiff's contention, raised for the first time on appeal, that the defendants-movants participated in a "fraudulent scheme" to deprive it of its business profits so as to entitle it to leave to plead a cause of action sounding in fraud (Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 251, affd 64 NY2d 670). Moreover, this claim is based upon material which is not in the record on appeal (Matter of Tyrone G. v Fifi N., 189 AD2d 8, 15). Plaintiff's other contention, that it

stated a valid cause of action for unjust enrichment, is belied by the lack of allegations in the record before us that plaintiff continued to provide services to defendants after the December 28, 1990 termination date *(cf., Waldman v Englishtown Sportswear,* 92 AD2d 833, 836).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.