■ RALPH C. BOTTINI, Respondent, v LEWIS & JUDGE COMPANY, INC., Appellant. [621 NYS2d 753] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered May 17, 1994 in Madison County, which granted plaintiff's motion for, inter alia, partial summary judgment.

Plaintiff was employed by defendant as a sales engineer

from July 26, 1985 until his voluntary resignation on November 1, 1991. At issue on the present appeal is plaintiff's right to sales commissions pursuant to a written employment contract dated June 5, 1987 (hereinafter the 1987 contract), under the terms of which plaintiff was entitled to commissions equal to "40% of the gross profit for all orders received from his territory", consisting of 19 whole counties and parts of two additional counties in central and northern New York. In December 1987, defendant unilaterally reduced plaintiff's sales territory by relieving him of his responsibilities in the Counties of Cayuga, Seneca, Oswego, Jefferson, Lewis, St. Lawrence and Wayne (hereinafter the eliminated territory). Although plaintiff strenuously objected to this action and took several days off to assess his options, he returned to work and thereafter serviced the remaining portion of his sales territory (hereinafter the reduced territory).

Plaintiff brought this action, *inter alia,* for an accounting of all sales and other orders arising from the eliminated territory from January 1, 1988 until November 1, 1991 and a determination of the commissions due plaintiff thereon. The claim is premised upon the theory that the provision of the 1987 contract entitling plaintiff to a 40% commission on "all orders received from his territory" was unaffected by defendant's unilateral reduction of his sales territory and that, as a result, he continued to be entitled to commissions on all orders from the eliminated territory. In its answer, defendant alleges that plaintiff's employment from January 1, 1988 until the September 1, 1991 effective date of the parties' subsequent written contract was governed not by the 1987 contract but, rather, by an informal oral agreement under which plaintiff was to service the reduced territory. Following joinder of issue, plaintiff moved and defendant cross-moved, among other things, for summary judgment on the cause of action for an accounting. Supreme Court granted plaintiff's motion and denied defendant's cross motion, and defendant now appeals.

We reverse so much of Supreme Court's order as directs an accounting with regard to the eliminated territory. We find no support in either logic or established legal principles for plaintiff's position that, following the reduction of his sales territory effective January 1, 1988, he could continue to work for defendant in the reduced territory for a period of over three years and nonetheless remain eligible for commissions on orders received from the eliminated territory. As correctly argued by defendant, because the 1987 contract did not establish a fixed duration, plaintiff's employment relationship was a

hiring at will, terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Skelly v Visiting Nurse Assn.,* 210 AD2d 683). That being the case, defendant was free to modify the terms of plaintiff's employment, subject only to plaintiff's right to leave his employment if he found the new terms unacceptable *(see, Hanlon v MacFadden Publs.,* 302 NY 502, 505-506; *General Elec. Tech. Servs. Co. v Clinton,* 173 AD2d 86, 88, *lv denied* 79 NY2d 759; *Waldman v Englishtown Sportswear,* 92 AD2d 833, 835; *Horowitz v La France Indus.,* 274 App Div 46). Having remained in defendant's employment, however, plaintiff is deemed to have assented to the modification and, in effect, commenced employment under a new contract *(see, supra).* Under the circumstances, we need not consider the legal effect of the provision of the parties' 1991 contract that it "supersedes and makes null and void all previous agreements".

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as directed defendant to account for all sales and other orders received from the Counties of Cayuga, Seneca, Oswego, Jefferson, Lewis, St. Lawrence and Wayne; defendant's cross motion granted to the extent that defendant is awarded partial summary judgment dismissing so much of plaintiff's third cause of action as seeks judgment directing defendant to account for all sales and other orders received from the Counties of Cayuga, Seneca, Oswego, Jefferson, Lewis, St. Lawrence and Wayne; and, as so modified, affirmed.