■ FLUSHING SAVINGS BANK, Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent. [650 NYS2d 727] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 21, 1995, which denied plaintiff's motion for partial summary judgment on the issue of liability and granted defendant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, defendant's cross-motion denied, the complaint reinstated and plaintiff's motion granted.

The motion court's interpretation of the indemnity bond, that the loss due to the robbery of plaintiff's messenger was removed from the ambit of the bond's "in transit" coverage by the uncollected funds exclusion, "Exclusion (o)", was erroneous. The court's error resulted from its inaccurate abbreviation of "Exclusion (o)". These provisions read in relevant part as follows:

"The Underwriter * * * agrees to indemnify the insured for * * *

"Loss of Property resulting directly from robbery, common-

law or statutory larceny, theft, misplacement, mysterious unexplainable disappearance, being lost or made away with, and damage thereto or destruction thereof, while the Property is in transit anywhere in the custody of

"(a) natural person acting as a messenger of the insured [bank] * * *

"This Bond does not cover * * *

"(o) loss resulting directly or indirectly from payments made *or withdrawals from a depositor's account* involving items of deposit which are not finally paid for any reason, including but not limited to Forgery or any other fraud, except when covered under Insuring Agreement (A)". (Emphasis added.)

The court's abbreviation of the latter provision by removing the phrase "or withdrawals from a depositor's account" changed the scope of the provision to exclude from coverage both payments *from and into* a depositor's account, instead of "from" only. When "Exclusion (o)" is properly read, it clearly and explicitly addresses losses due to uncollected funds, whereas the "in transit" provision is just as explicit in addressing losses due to bank property being physically lost, stolen or destroyed while in transit. The two provisions are mutually exclusive and unambiguous, and it is clear that only the "in transit" provision governs the bank's loss in this instance.

Upon review, we find no merit in defendant's remaining arguments, specifically defenses pursuant to UCC 4-212 and 3-804; further, some additional defenses were not raised in the motion court and are thus unpreserved for consideration by this Court (*see, Elite Investigations v St. Regis Hotel Joint Venture*, 197 AD2d 456; *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 251, *affd* 64 NY2d 670). Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.