Sona SHAH and Kai Barrett,
Plaintiffs–Appellants–
Cross–Appellees,

v.

WILCO SYSTEMS, INC., Defendant–
Appellee–Cross–Appellant,

Automatic Data Processing, Inc., Janet
Reno, as Attorney General of the
United States of America and Alexis
M., Secretary of Labor, United States
Department of Labor, Defendants.

Nos. 02–7798(L), 02–7846(L).

United States Court of Appeals,
Second Circuit.

Sept. 26, 2003.

Alan Fuchsberg, The Jacob D. Fuchsberg Law Firm, LLP (Edward Rodriguez and John F. McHugh, of counsel), New York, NY, for Appellant.

Shea Hutchins Lukacsko, Grotta, Glassman & Hoffman, P.A., New York, NY, for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

### SUMMARY ORDER

The plaintiffs appeal the district court's dismissal of Sona Shah's national origin and retaliation claims and Kai Barrett's national origin discrimination claims. *See Shah v. Wilco Sys., Inc.*, No. 99–CIV–

---

* Of the United States District Court for the Eastern District of New York, sitting by desig-

12054(AGS), 2001 WL 1006722, 2001 U.S. Dist. LEXIS 13393 (S.D.N.Y. Aug.31, 2001). The defendant Wilco Systems, Inc. ("Wilco") cross-appeals the district court's denial of a motion to dismiss the entire action under Federal Rule of Civil Procedure 41(b), denial of a motion to impose sanctions on the plaintiffs and their counsel, denial of a motion to dismiss Shah's breach of contract claim, and denial of a motion to exercise supplemental jurisdiction over the remaining state- and city-law claims. *See id.; Shah v. Wilco Sys., Inc.*, No. 99–CIV–12054(AGS), 2002 WL 959557, 2002 U.S. Dist. LEXIS 8276 (S.D.N.Y. May 8, 2002); *Shah v. Wilco Sys, Inc.*, No. 99–CIV–12054(AGS) (June 19, 2002).

■ When a claim is not made in the pleadings, we ordinarily consider it waived on appeal. *See Hutton Contr. Co. v. County of Rockland*, 52 F.3d 1191, 1193 (2d Cir.1995). Shah has thus waived any Title VII or New York City Human Rights Law (the "City HRL") retaliation claim on this appeal because she did not plead any such claims in the district court. Barrett has similarly waived any City HRL national origin discrimination claim for failure to plead it in the district court.

We also do not ordinarily consider appellants' arguments not raised adequately in an appellant's opening brief. *See Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir.2002) (per curiam). An argument mentioned only in a footnote is not adequately raised. *United States v. Quinones*, 317 F.3d 86, 90 (2d Cir.2003). An appellant cannot resurrect such an argument in its reply brief, even if this argument was made in a previous proceeding. *Frank v. United States*, 78 F.3d 815, 833 (2d Cir.1996), *vacated on other grounds*,

nation.

521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997). The appellants' opening brief's headings, statement of issues presented for review, summary of the argument, argument, and conclusion stating the relief sought mention only Title VII. The brief raises state law contentions only in a single footnote. *See* Appellants' Br. at 24 n. 22. Plaintiffs' state law claims (Shah's New York State Human Rights Law (the "State HRL") national origin discrimination claim, Barrett's State HRL national origin discrimination claim, and Shah's State HRL retaliation claim) are, therefore, not preserved before us. We find no reason to exercise our discretion to overlook the appellants' failure to raise these claims before us. *See Frank*, 78 F.3d at 833. We also do not consider any Title VII national origin discrimination by Barrett, because he has conceded that he makes no such claim.

With respect to plaintiffs' arguments concerning the remaining claims, in reviewing a motion to dismiss, we "must accept as true all the factual allegations in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). We review *de novo* a decision granting a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001).

■ The district court did not err in dismissing Shah's Title VII and City HRL national origin discrimination claims. The Supreme Court has defined "national origin" in this context to mean "the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973). *Espinoza* held that the term "national origin" does not include citizenship or alienage. *See id.* at 95, 94

S.Ct. 334. Shah has conceded that her national origin is Indian, even though she is a naturalized American citizen. Shah can, therefore, claim only national origin discrimination as an Indian, rather than as an American. Yet she alleges only discrimination against her as an American. Even if we were to look to whether Wilco perceived Shah as being of American national origin, *see Hansborough v. City of Elkhart Parks & Recreation Dep't*, 802 F.Supp. 199, 206 (N.D.Ind.1992), Shah has not alleged that Wilco so perceived her. Because there are no pleaded facts under which Shah could establish her national origin discrimination claims, the district court properly dismissed them.

■ The district court did not err in declining to dismiss Shah's state law claim that Wilco breached an implied contract by refusing to provide Shah with training, in contravention of industry practice to maintain employee competence. To prevail on this claim, Shah must show, *inter alia*, that the practice is "so notorious that a person of ordinary prudence in the exercise of reasonable care would be aware of it." *Reuters Ltd. v. Dow Jones Telerate, Inc.*, 231 A.D.2d 337, 343, 662 N.Y.S.2d 450, 454 (1st Dep't 1997). Shah must also show, *inter alia*, that her employment was not at will, because if it were, Wilco could change any term of the employment contract, to which Shah would assent by continued employment. *See Bottini v. Lewis & Judge Co.*, 211 A.D.2d 1006, 1007–08, 621 N.Y.S.2d 753, 754 (3d Dep't 1995). The existence of such an industry practice and the nature of Shah's employment are fact-intensive inquiries, which would be improperly disposed of on a motion to dismiss.

The district court's conclusions that the plaintiffs did not exceed the court's orders in its Fourth Amended Complaint or by submitting the Proposed Fifth Amended

Complaint, which the plaintiffs never filed, were reasonable. The district court, therefore, properly acted within its discretion in declining to dismiss the plaintiffs' entire action under Rule 41(b). *See Le-Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001).

■ The district court did not, moreover, abuse its discretion in declining to impose sanctions pursuant to 28 U.S.C. § 1927 or its inherent powers. *See In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir.1991). The district court's determination rested on reasonable findings that the plaintiffs did not fail to comply with court orders and that there is no bad faith merely because the court dismissed successive versions of the plaintiffs' complaint.

■ Finally, the district court did not abuse its discretion in declining to retain supplemental jurisdiction over the plaintiffs' remaining state and city law claims after all federal claims had been dismissed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003). 28 U.S.C. § 1367(c), the relevant statute on supplemental jurisdiction in this case, is "permissive rather than mandatory." *Valencia*, 316 F.3d at 305. Because this case has not progressed beyond pleading, as Wilco has conceded, and because only limited discovery has taken place, the district court did not abuse its discretion.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.