6 N.Y.3d 371 (2006)
845 N.E.2d 1265
812 N.Y.S.2d 435
GOD'S BATTALION OF PRAYER PENTECOSTAL CHURCH, INC., Appellant,
v.
MIELE ASSOCIATES, LLP, Respondent.
Court of Appeals of the State of New York.
Argued February 14, 2006.
Decided March 23, 2006.
*372 Zisholtz & Zisholtz, LLP, Mineola (Gerald Zisholtz and Stuart S. Zisholtz of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, L.L.P, Garden City (Anthony P. Colavita and Amy M. Monahan of counsel), for respondent.
Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

*373 OPINION OF THE COURT
ROSENBLATT, J.
On this appeal, we reiterate our long-standing rule that an arbitration clause in a written agreement is enforceable, even if the agreement is not signed, when it is evident that the parties intended to be bound by the contract. We conclude that the lower courts properly directed the matter to arbitration.
Plaintiff-appellant God's Battalion of Prayer Pentecostal Church, Inc. operates a church and school on Linden Boulevard in Brooklyn. In May 1995, the Church hired defendant Miele Associates, LLP, a firm of architects, to expand and renovate the Church's facilities. Miele prepared an agreement between the parties, dated May 1995 (on a "Standard Form of Agreement Between Owner and Architect" published by the American Institute of Architects), and forwarded it to the Church, which retained it, unsigned. The agreement contained an arbitration clause providing that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration."
In its complaint, the Church alleges that at Miele's behest it hired Ropal Construction Corp. as general contractor. When Ropal did not perform to the Church's satisfaction, it sued Miele in Supreme Court, asserting breach of contract and architectural malpractice. The contract on which the Church relies contains the very arbitration clause at issue.[*] Indeed, the Church's complaint expressly claims that Miele "failed to perform the terms, covenants and conditions of the agreement."
Miele moved for an order permanently staying the action and compelling the parties to proceed to arbitration. The Church countered that neither party executed the agreement and that there had been no meeting of minds regarding arbitration. Supreme Court, upon reargument, directed the matter to arbitration. The Appellate Division affirmed, as do we.
*374 Although CPLR 7501 confers jurisdiction on courts to enforce written arbitration agreements, "[t]here is no requirement that the writing be signed so long as there is other proof that the parties actually agreed on it" (Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 299 [1974] [internal quotation marks deleted]; see also Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 370 [2005]). A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' "clear, explicit and unequivocal" agreement to arbitrate (Matter of Waldron [Goddess], 61 NY2d 181, 183 [1984]), but our case law makes it clear that a signature is not required.
Although the Church did not sign the Miele agreement, it is evident that it intended to be bound by it. The Church has not successfully refuted Miele's claim that, after Miele forwarded the contract, both parties operated under its terms. Most tellingly, the Church's complaint alleges that Miele breached their agreement, thereby acknowledging and relying on the very agreement that contains the arbitration clause it seeks to disclaim. Moreover, the Church does not assert that the arbitration clause would be unenforceable even if the agreement were signed. That being so, it may not pick and choose which provisions suit its purposes, disclaiming part of a contract while alleging breach of the rest. A contract "should be read to give effect to all its provisions" (Mastrobuono v Shearson Lehman Hutton, Inc., 514 US 52, 63 [1995]; see also Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]). The lower courts therefore correctly ruled that the case go to arbitration.
We have considered appellant's remaining contentions and find them without merit. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs.
NOTES
[*] The record contains two written agreements pertaining to the work: the unsigned agreement between the Church and Miele, dated May 1995, and a signed agreement, between the Church and Ropal, dated August 29, 1996. Miele was not a party to the latter agreement. The Court therefore takes the Church's complaint to rest on the May 1995 agreement, insofar as it asserts that Miele "failed to perform the terms, covenants and conditions of the agreement" and on the August 29, 1996 agreement insofar as it asserts that Ropal "failed to comply with the terms, covenants and conditions of its agreement." While the Church now argues that there was a controlling parallel oral agreement, the lower courts correctly concluded that the parties intended to be bound by the terms of the written contracts.