**Carla MANIGAULT, Plaintiff–Appellee,**

v.

**MACY'S EAST, LLC, Terry Whittaker, Defendants–Appellants.**

No. 07–4135–cv.

United States Court of Appeals, Second Circuit.

March 25, 2009.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's denial of the motion to compel arbitration is **REVERSED**.

Meir Feder, (Samuel Estreicher, on the brief), Jones Day, New York, NY, for Defendants–Appellants.

Saul D. Zabell, Zabell & Associates, P.C., Bohemia,. NY, for Plaintiff–Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, *Circuit Judges,* JED S. RAKOFF,\* *District Judge.*

**SUMMARY ORDER**

Plaintiff-appellee Carla Manigault ("Manigault") filed a lawsuit against defendants-appellants Macy's East, LLC ("Macy's") and Terry Whittaker ("Whittaker") for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.,* the

\* The Honorable Jed S. Rakoff, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* Defendants-appellants appeal from an order of the United States District Court for the Eastern District of New York (Block, J.), entered on August 28, 2007, 506 F.Supp.2d 156, denying their motion to compel arbitration. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

In the fall of 2003, Macy's introduced the Solutions InStore ("SIS") dispute resolution program, which provided several steps for internal resolution of employee grievances. Existing employees were permitted to opt out of arbitration. Manigault argued before the district court that she was unable to opt out of arbitration because she never received a mailing from Macy's that contained information regarding the SIS program and included the opt-out form. New York law has established a presumption that a party has received documents when mailed to the party's address in accordance with regular office procedures. *See, e.g., Meckel v. Cont'l Res. Co.,* 758 F.2d 811, 817 (2d Cir.1985). Macy's submitted affidavits of employees stating that Manigault was mailed the documents regarding the SIS program at the address specified in its internal personnel database, that each package contained a return address, and that the company's records show that the mailing to Manigault was not returned as undeliverable. Manigault responded with her affidavit, as well as the affidavits of two other employees, stating that they never received the mailing.

■ The district court properly determined that the affidavits of Macy's personnel created a rebuttable presumption that Manigault received the program information. The district court did not determine if Manigault was able to overcome that presumption because it proceeded to consider whether the parties had entered an agreement to arbitrate their disputes. However, the parties fully litigated the issue of receipt before the district court. We find that the record allows us to resolve the issue. The evidence offered by Manigault, consisting of her own denial of receipt of the mailing as well as similar denials by two other employees of Macy's, is insufficient to rebut the presumption that she received the mailing. *See id.* at 817–18.

■ The remaining question is whether an agreement to arbitrate disputes was formed. *See Abram Landau Real Estate v. Bevona,* 123 F.3d 69, 72 (2d Cir.1997) (explaining that a court's first question when considering a motion to compel arbitration is "whether the parties ever entered into an arbitration agreement at all"); *see also Volt Info. Scis. v. Bd. of Trs.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion. . . ."). To resolve this question, a court must "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The district court determined that Manigault's silence in response to the SIS program mailing could not constitute acceptance of Macy's offer to arbitrate disputes. *See Albrecht Chem. Co. v. Anderson Trading Corp.,* 298 N.Y. 437, 440, 84 N.E.2d 625 (1949); Restatement (Second) of Contracts § 69(1). Defendants-appellants challenge the district court's decision on the ground that Manigault consented to arbitration by continuing her employment after receiving notice of the SIS program.

It is "well settled" under New York law that arbitration will not be compelled absent the parties' "clear, explicit and un-

8

equivocal agreement to arbitrate." *Fiveco, Inc. v. Haber,* 11 N.Y.3d 140, 144, 863 N.Y.S.2d 391, 893 N.E.2d 807 (2008) (internal quotation marks omitted); *see also God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assocs., LLP,* 6 N.Y.3d 371, 374, 812 N.Y.S.2d 435, 845 N.E.2d 1265 (2006). A contract may be formed by words or by conduct that demonstrate the parties' mutual assent. *See, e.g., Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.,* 448 F.3d 573, 582 (2d Cir.2006); *Maas v. Cornell Univ.,* 94 N.Y.2d 87, 93–94, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999). An employee may consent to a modification to the terms of employment by continuing to work after receiving notice of the modification. *See Bottini v. Lewis & Judge Co.,* 211 A.D.2d 1006, 621 N.Y.S.2d 753, 754 (1995); *see also Hanlon v. Macfadden Publ'ns, Inc.,* 302 N.Y. 502, 505–06, 99 N.E.2d 546 (1951); *Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460 N.Y.S.2d 552, 555 (1983).

Here, Manigault continued to work after receiving notice of the SIS program. Manigault therefore agreed to arbitration by continuing with her employment. *See, e.g., Bottini,* 621 N.Y.S.2d at 754. Manigault never signed a form acknowledging that the SIS program would preclude her from filing grievances in a judicial forum. *See Sarhank Group v. Oracle Corp.,* 404 F.3d 657, 662 (2d Cir.2005) (noting that a signature of some kind is "the customary implementation of an agreement to arbitrate"). However, she received the mailing that contained such information, continued with her employment, and did not opt out of arbitration. New York, unlike other jurisdictions, *cf. Leodori v. CIGNA Corp.,* 175 N.J. 293, 306, 814 A.2d 1098 (2003), has found that continued employment, without more, is sufficient to manifest assent. We therefore conclude that the parties agreed to arbitrate their disputes.

For the foregoing reasons, we **REVERSE** the district court's denial of defendants-appellants' motion to compel arbitration and **REMAND** for the district court to grant the motion.