**Serge DuBOIS, Plaintiff–Appellant,**

v.

**MACY'S EAST INCORPORATED, Defendant–Appellee.**

No. 07–5441–cv.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Serge DuBois, Brooklyn, N.Y., pro se.

David Cooper (Meir Feder, on the brief), Jones Day, New York, N.Y., for Appellee.

PRESENT: AMALYA L. KEARSE, and DEBRA ANN LIVINGSTON, Circuit Judges, and ERIC N. VITALIANO,* District Judge.

### SUMMARY ORDER

Appellant Serge DuBois, *pro se,* appeals the district court's grant of a motion to compel arbitration and dismiss his complaint alleging violations of Title VII. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's determination of arbitrability *de novo. See Gold v. Deutsche Aktiengesellschaft,* 365 F.3d 144, 147 (2d Cir.2004). In the context of motions to compel arbitration brought under the Federal Arbitration Act, we apply a standard similar to that applicable to a motion for summary judgment. *See Bensadoun v. Jobe–Riat,* 316 F.3d 171, 175 (2d Cir.2003). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial [on that issue] is necessary." *Id.* (citing 9 U.S.C. § 4). However, "[a] party resisting arbitration on the ground that no agreement to arbitrate exists must submit sufficient evidentiary facts in support of [its] claim in order to precipitate the trial contemplated by 9 U.S.C. § 4." *Manning v. Energy Conversion Devices, Inc.,* 833 F.2d 1096, 1103 (2d Cir.1987). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt,* 56 F.3d 352, 358 (2d Cir.1995).

Arbitration clauses are a matter of contract law, and, if valid, should be enforced. *See Bell v. Cendant Corp.,* 293 F.3d 563, 566 (2d Cir.2002). "When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *Id.* (internal quotation marks omitted). Under New York law, where an at-will employee remains in a defendant's employment after the employer has modified the terms of employment, the employee is "deemed to have assented to the modification and, in effect, commenced employment under a new contract." *Bottini v. Lewis & Judge Co.,* 211 A.D.2d 1006, 621 N.Y.S.2d 753, 754 (App. Div.3d Dep't 1995).

Here, the district court properly found that DuBois had failed to present sufficient evidence to create a genuine issue of fact as to whether he opted out of binding arbitration as part of the internal dispute resolution program of Appellee Macy's East Incorporated ("Macy's"). Although

---

* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

DuBois attached to his complaint in this action the "Affidavit of Merit & Support" that he had filed with the New York City Commission on Human Rights, which alleged that he signed and returned his opt-out form on October 25, 2003, his sworn declaration in the district court stated only that the form "was completed and returned to the Office of Solutions In-Store"—a statement that is entirely conclusory. The declaration does not state that DuBois himself returned the form and does not state whether the form was mailed or hand-delivered—and if hand-delivered, delivered to whom. And although DuBois submitted proof of mailing with respect to a letter he sent to Macy's in October 2004, he presented no such proof of mailing with respect to his opt-out form, nor any receipt for hand delivery to show that Macy's received his form. In fact, the record evidence indicates that Macy's did not receive DuBois's form. Macy's submitted an affidavit from Lisa Gick, its vice president supervising the processing of opt-out forms and the sending of confirmations to employees who opted out. Gick stated that her office both retained the opt-out forms returned by employees and entered the names of those employees in an electronic database. Gick reviewed both the database and the appropriate paper files and found no opt-out form from DuBois. Macy's did not send DuBois a confirmation letter; nor did Gick's office receive a call from him inquiring as to why he was not sent a confirmation letter. Although DuBois stated in his declaration that he had been told by his supervisor that it was not important that he did not receive such a confirmation, Gick stated in her affidavit that after the arbitration program went into effect in January 2004, employees who had not opted out were sent brochures welcoming them to the pro-gram. Such a brochure was sent to DuBois. Gick's office has no record of any contact from DuBois either in connection with the Fall 2003 mailing permitting him to opt out or the January 2004 brochure welcoming him to the arbitration program. As DuBois continued employment with Macy's after receiving notice of the new dispute resolution program and as he has not presented sufficient evidence to allow a reasonable factfinder to conclude that he opted out of the associated mandatory arbitration, his continued employment constituted acceptance of the modification of the terms of his employment to include such mandatory arbitration.

We have considered DuBois's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**