▪ In the Matter of the Arbitration between ONONDAGA COMMUNITY COLLEGE, Respondent, and ONONDAGA COMMUNITY COLLEGE FEDERATION OF TEACHERS AND ADMINISTRATORS AFT, LOCAL 1845, Appellant. [914 NYS2d 803]—

Appeal from an order of the Supreme Court, Onondaga

County (Anthony J. Paris, J.), entered March 2, 2010 in a proceeding pursuant to CPLR article 75. The order granted the application of petitioner to stay arbitration and denied the application of respondent to compel arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 to stay arbitration of a grievance by respondent on behalf of one of respondent's members whose probationary employment was terminated by petitioner. In support of the petition, petitioner asserted that the grievance in question is not arbitrable under the collective bargaining agreement (CBA). Supreme Court properly granted the petition. "A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' 'clear, explicit and unequivocal' agreement to arbitrate" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]). Here, the employee in question was employed as a software systems administrator and was terminated within three months after he was hired, while he undisputedly was a probationary employee. As the court properly noted, the CBA explicitly excludes the termination of employment of probationary administrators from the grievance procedures of the CBA, including the right to arbitration. Indeed, a provision of the CBA expressly provides that administrators "serving in a probationary period other than a probationary period attendant to and resulting from promotions shall not have [any] right, relief, or access to contest disciplinary action, including dismissal from employment, under the grievance procedure contained herein."

The attempt by respondent to recast the grievance as one challenging petitioner's failure to evaluate the employee in question after nine months pursuant to article IV of the CBA is unavailing. The heart of this dispute is the termination of employment, and any failure by petitioner to comply with the evaluation procedures set forth in article IV of the CBA is irrelevant in view of the CBA provision rendering arbitration unavailable to probationary administrators who are terminated. We thus conclude that the court properly granted the petition. Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.