Pankiv v Richmond Ctr. for Rehabilitation & Specialty Healthcare (2020 NY Slip Op 06279)





Pankiv v Richmond Ctr. for Rehabilitation & Specialty Healthcare


2020 NY Slip Op 06279


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-03392
 (Index No. 503800/16)

[*1]Nadiya Pankiv, etc., appellant, 
v
Richmond Center for Rehabilitation and Specialty Healthcare, et al., defendants, SV Operating Three, LLC, etc., respondent.


Joseph A. Deliso, Brooklyn, NY, for appellant.
Rubin Paterniti Gonzalez Kaufman LLP, New York, NY (James W. Tuffin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated January 17, 2018. The order granted those branches of the motion of the defendant SV Operating Three, LLC, doing business as Richmond Center for Rehabilitation and Specialty Healthcare, which were pursuant to CPLR 7503 to compel arbitration of the plaintiff's claims and stay all proceedings in the action pending arbitration.
ORDERED that the order is reversed, on the law and the facts, with costs, and those branches of the motion of the defendant SV Operating Three, LLC, doing business as Richmond Center for Rehabilitation and Specialty Healthcare, which were pursuant CPLR 7503 to compel arbitration of the plaintiff's claims and stay all proceedings in the action pending arbitration is denied.
The plaintiff, as the administrator of the estate of Shirley Puglia (hereinafter the resident), commenced this wrongful death action against, among others, the defendant SV Operating
Three, LLC, doing business as Richmond Center for Rehabilitation and Specialty Healthcare (hereinafter Richmond Center). The complaint alleged that while the resident was staying at Richmond Center, she developed decubitus ulcers, pressure ulcers, or bedsores, which caused sepsis and led to her death. The resident was suffering from amyotrophic lateral sclerosis, which rendered her unable to speak or move. Her son, nonparty William Puglia, had power of attorney for her and was designated her agent under a health care proxy. As part of the admissions process, Lisa Rodriguez, Richmond Center's director of finance, explained the admission agreement and the arbitration agreement to the resident and offered to read the agreements in their entirety to her, but the resident declined by blinking twice for "no." Rodriguez then executed the admission agreement and the arbitration agreement on the resident's behalf by writing "unable to sign" or "uts" wherever the resident's signature was required. Rodriguez claims that she subsequently requested that William execute the admission agreement and the arbitration agreement on the resident's behalf, but he refused. William disputes ever being presented with or asked to execute the agreements.
Richmond Center moved, inter alia, pursuant to CPLR 7503 to compel arbitration of the plaintiff's claims and stay all proceedings in the action pending arbitration. In an order dated January 17, 2018, the Supreme Court granted those branches of Richmond Center's motion. The plaintiff appeals.
"[A]n arbitration clause in a written agreement is enforceable, even if the agreement is not signed, when it is evident that the parties intended to be bound by the contract" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 373). "'The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which evinces the intention of the parties to contract'" (Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720, 721, quoting Maffea v Ippolito, 247 AD2d 366, 367). "A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' clear, explicit and unequivocal agreement to arbitrate" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d at 374 [internal quotation marks omitted]).
Here, Richmond Center failed to demonstrate that the resident, or William as her representative, by word, act, or conduct evinced an intention to be bound by the terms of the arbitration agreement. Since the evidence failed to show a clear, explicit, and unequivocal agreement to arbitrate, the plaintiff may not be compelled to arbitrate (see id.).
Accordingly, the Supreme Court should have denied those branches of Richmond Center's motion which were pursuant to CPLR 7503 to compel arbitration of the plaintiff's claims and stay all proceedings in the action pending arbitration.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court