Northern Star Textile, Corp. v Micro Off. Solutions 4 LLC (2023 NY Slip Op 01844)

Northern Star Textile, Corp. v Micro Off. Solutions 4 LLC

2023 NY Slip Op 01844

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 156175/20 Appeal No. 17649 Case No. 2022-03684 

[*1]Northern Star Textile, Corp., Plaintiff-Respondent,
v
Micro Office Solutions 4 LLC, et al., Defendants-Appellants.

DCL Firm, New York (James J. DeCristofaro of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Aris E. L. Dutka of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J), entered on or about February 9, 2022, which granted plaintiff's motion for a default judgment against defendant tenant and denied defendant tenant's cross motion to excuse its default and permit it to serve a late answer, unanimously affirmed, without costs.
This is an action for unpaid rent which accrued during the COVID-19 pandemic. Defendant tenant raised a defense to payment based upon a section of its lease provision entitled "Certificate of Occupancy." The lease language that this defendant invokes does not provide a meritorious defense to the complaint. Contracts must be interpreted in their entirety and read them to give effect to all their provisions as a whole rather than focus on isolated words or cherry-picked provisions (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404 [2009]; God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]). Here, by reading the lease provision at issue in its entirety, it is evident that the rent abatement provision applies to the narrow situation where a defendant's business is suspended due to a violation issued to defendant by a government authority in connection with defendant's use and occupancy of the subject premises as permitted under the lease but in violation of the law. By its plain terms, the Certificate of Occupancy lease provision does not confer upon the tenant defendant the broad option to abate its rent payment whenever its business is affected by a governmental action, such as the government restrictions issued in connection with the COVID-19 pandemic.
Moreover, tenant defendant's characterization of the Certificate of Occupancy lease provision directly conflicts with another section of the lease which provides that defendant must continue paying rent even if plaintiff is prevented from performing any of its obligations under the lease due to government preemption, rule, order, or regulation resulting from an emergency. For this additional reason, tenant defendant's interpretation is unpersuasive.
We have considered defendants remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023