| |
|---|
| **Brown v Hossain** |
| 2024 NY Slip Op 31916(U) |
| June 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805097/2023 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. KATHY J. KING**                          PART            06

*Justice*

-------------------------------------------------------------------------------X

SANDRA BROWN, as Administratrix of the Goods, Chattels, and
Credits of ANGELA MENDEZ, deceased,

                                    Plaintiff,

- v -

AFZAL HOSSAIN, M.D., AFZAL HOSSAIN PHYSICIAN P.C., NYC
MEDICAL PRACTICE, LLC d/b/a GOALS AESTHETICS AND
PLASTIC SURGERY, JANE DOE, JOHN DOE

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805097/2023 |
| MOTION DATE | 07/20/2023 |
| MOTION SEQ. NO. | 1 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 01) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25
were read for this motion to/for                              DISMISS

Upon the foregoing documents, defendant NYC MEDICAL PRACTICE, LLC, d/b/a GOALS AESTHETICS AND PLASTIC SURGERY, moves to dismiss the Plaintiff's action and compel arbitration pursuant to CPLR §7501.

Plaintiff opposes the motion.

On March 23, 2023, Sandra Brown, Administratrix of the Goods, Chattels, and Credits of Angela Mendez, deceased, filed a complaint with this Court charging the Defendant with negligence resulting in medical malpractice, wrongful death, and a failure to provide informed consent. Defendant move to dismiss the complaint and compel arbitration pursuant to CPLR §7501.

CPLR §7501 provides that, "[a] written agreement to submit any controversy thereafter arising or any existing controversy to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to

[* 1]

enter judgment on an award. In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute."

In support of the motion, Defendant cites Section XI of the contract signed between the decedent and Defendant, which states, in part: "[t]he Parties to this Agreement agree to arbitrate any claim, dispute, controversy … including … any … claims, that may arise out of [or] relate to this Agreement, including the enforcement, breach, or interpretation of this Agreement. By agreeing to this Agreement, [the Parties] understand and agree that [they] are waiving their rights to maintain other available resolution processes, such as a court action … to settle their disputes." Defendant further cites the language of the arbitration clause which states: "… it being the parties' intention that all issues and disputes between the parties hereto be handled solely in arbitration and not in a court of law or otherwise."

Plaintiff opposes the motion on several grounds including (1) Defendant has failed to properly authenticate the contract, (2) the arbitration clause does not extend to medical malpractice lawsuits, (3) compelling arbitration would sever the claims between defendant GOALS and defendant AFZAL HOSSAIN, M.D. and AFZAL HOSSAIN PHYSICIAN P.C., who are not subject to the arbitration clause, and (4) enforcement of the arbitration clause would be unconscionable.

Pursuant to CPLR §7501, parties may agree to arbitrate any claims that arise out of a contractual agreement and may move, pursuant to CPLR §7503(a), for an application to compel arbitration where there is an agreement. The case law is well settled that such a contractual agreement must show a "clear, explicit and unequivocal" agreement to arbitrate. *See God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Associates, LLP*, 6 N.Y.3d 371, 374 (2006), *quoting In re Waldron v. Goddess*, 61 N.Y.2d 181, 183, (1984). Here, despite Plaintiff's contention

1

[* 2]

that they did not agree to arbitrate medical malpractice lawsuits, the decedent signed the contract containing the arbitration clause, which represents a "clear, explicit and unequivocal" agreement to arbitrate for medical services rendered. This Court further notes the language in bold at the end of the Agreement, which states: "THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION. PLEASE READ IT CAREFULLY PRIOR TO SIGNING."

Plaintiff reasons that the contract, taken as a whole, only applies to payment and fees, so the arbitration clause should only be read to apply to payment and fees. However, "a broad arbitration clause should be given the full effect of its wording in order to implement the intention of the parties." *Weinrott v. Carp*, 32 N.Y.2d 190, 199 (1973). A court's finding that a "reasonable relationship" exists between the subject matter of the dispute and the subject matter of the underlying contract will end the court's inquiry, upon which the court must direct the parties to arbitrate. *See Nationwide General Insurance Co. v. Investors Insurance Company of America*, 37 N.Y.2d 91, 96 (1975). Here, there is a clear "reasonable relationship" between the subject matter of the dispute and the underlying contract because the dispute involves a medical malpractice claim arising from the underlying contract for medical services, and further specifies that claims arising thereunder, must be decided by an arbitrator. Furthermore, while this Court notes that the arbitration clause is broad, the Court is limited to implementing the intention of the parties based on the four corners of the contract, which is to arbitrate "without regard to the justiciable character of the controversy." *See* CPLR §7501. Based on the foregoing, the Court shall not consider Plaintiff's remaining contentions in opposition to the motion.

2

[* 3]

Accordingly, it is hereby

**ORDERED** that the motion is granted, Plaintiff's complaint is dismissed, and Plaintiff is

compelled to arbitrate any and all claims arising from the contract between Defendant and the

decedent.

06/03/24
_____
**DATE**

_____
**KATHY J. KING, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

3

[* 4]