Dewald v Massachusetts Mut. Ins. Co. (2025 NY Slip Op 02267)

Dewald v Massachusetts Mut. Ins. Co.

2025 NY Slip Op 02267

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 655380/23|Appeal No. 4138|Case No. 2024-07337|

[*1]Jerome W. Dewald, Plaintiff-Appellant,
v
Massachusetts Mutual Insurance Company, et al., Defendants-Respondents.

Jerome W. Dewald, appellant pro se.
Jackson Lewis P.C., New York (Ryan C. Chapoteau of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered November 29, 2024, which granted defendants' motion to compel arbitration and stay the action, unanimously affirmed, with costs.
The court properly granted defendants' motion to compel arbitration (see CPLR 7503[a]). Plaintiff's execution of the registration only contract (registration contract), which plaintiff's employer required him to complete electronically and which contained an arbitration clause, established plaintiff's "clear, explicit and unequivocal agreement to arbitrate" (God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006] [internal quotation marks omitted]).
Contrary to plaintiff's contentions, the record shows that he executed the registration contract. The copy of the contract plaintiff submitted into the record contains an e-signature page on which the "I Accept" box was checked. Furthermore, emails from plaintiff show that, despite encountering technical errors with defendants' electronic platform, he repeatedly hit the "Submit to Agency button" on the e-signature page. The e-signature page provides that, "[b]y checking the I Accept box below and clicking the Submit to Agency button, you agree, understand and represent that you are electronically signing the" registration contract. In another email from plaintiff, he stated that, to circumvent the technical error, he also "printed and wet-signed [the registration] contract in two places" to be "overnight[ed]" to defendants. Thus, plaintiff's emails contradict his belated assertions that he never completed the registration contract and that defendants manipulated the information he inputted into it without his consent.
At no time did plaintiff object to the arbitration clause or any substantive provision of the registration contract. The arbitration clause covers "employment-related" disputes such as plaintiff's here.
Because plaintiff agreed to arbitrate this dispute by entering into the registration contract, we need not reach his argument that he did not intend to be bound by his other employment agreement, the career agent non-financed contract, which also contained an arbitration clause.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025