■ IRENE KLEIN, Appellant, v TOWN & COUNTRY FINE JEWELRY GROUP, INC., Defendant, and THOMAS CAWLEY, Respondent. [725 NYS2d 42] —Order, Supreme Court, New York County (Barry Cozier, J.), entered April 10, 2000, which, in an action for discriminatory termination of employment against plaintiff's former employer, now in bankruptcy, and her supervisor, denied plaintiff's motion for leave to amend her complaint so as to add a cause of action for retaliation against the supervisor, unanimously affirmed, without costs.

Shortly after plaintiff's termination in March 1998, her attorney wrote a letter addressed to her employer, her supervisor and the employer's human resources manager charging discrimination and threatening suit if the employer did not offer a reasonable settlement. The employer's attorney responded with a letter denying the charge, offering plaintiff three weeks severance and advising that the employer was exploring the possibility that plaintiff's attorney's letter was libelous against the employer and the supervisor. Plaintiff then commenced this action in May 1998 for discriminatory discharge; in June 1998, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) against the employer charging that the employer's attorney's letter to her attorney was retaliatory; in July 1998, the supervisor interposed an answer containing a counterclaim for libel; in January 1999, the employer filed for bankruptcy; in August 1999, the EEOC determined that the employer's attorney's letter was retaliatory and issued a right to sue notice; and in September 1999, plaintiff made the instant motion to amend the complaint so as to allege that the employer's attorney's letter, which she claims was also written on behalf of and at the behest of the supervisor, as well as her supervisor's counterclaim herein for libel, are retaliatory. The proposed amendment lacks merit. There is no question that a lawyer's letter charging discriminatory discharge constitutes protected activity. Employers should likewise not be discouraged from expressing their own potential claims, at least where, as here, such claims are addressed to the employee's attorney. While we decline to rule that the actual interposition of a counterclaim for libel in an action for discrimination can never constitute retaliation, "anti-retaliation provisions * * * are designed principally to deal with retaliatory conduct that occurs outside the judicial system" (*Glass v IDS Fin. Servs.*, 778 F Supp 1029, 1061, n 53). It is the rare case that the filing of a counterclaim can serve as the basis for a retaliation claim (*see, Equal Empl. Opportunity Comm. v K & J Mgt.*, 2000 US Dist LEXIS 8012, *9). There being no evidence here to indicate nor any reason to believe that the interposition of the counterclaim in any way chilled plaintiff's exercise of her rights, her claim of retaliation should not be entertained (*see, id.*, at *10, 13-14). Concur—Tom, J. P., Ellerin, Wallach, Rubin and Buckley, JJ.