(August 11, 2011)

■ Ricardo Cuervo, Appellant, v Opera Solutions LLC et al., Respondents. [928 NYS2d 26]—

The court properly dismissed plaintiff's first cause of action alleging violations of Labor Law §§ 191 and 193. While plaintiff was entitled to be paid commissions pursuant to the offer letter,

the letter expressly reserved to Opera Solutions the right to modify the commission structure at any time. Accordingly, the reduction of plaintiff's commissions did not violate the letter contract or Labor Law §§ 191 and 193 (*see Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 618 [2008]; *see also Arbeeny v Kennedy Exec. Search, Inc.*, 71 AD3d 177, 180 [2010]).

Neither plaintiff's factual allegations nor the documentary evidence support plaintiff's assertion that the individual defendants, as opposed to Opera Solutions, were plaintiff's employer within the meaning of Labor Law § 190 (3) (*cf. Wing Wong v King Sun Yee*, 262 AD2d 254, 255 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Renwick and Richter, JJ.

Moskowitz, J., concurs in part and dissents in part in a memorandum as follows: Because I disagree with the majority with respect to plaintiff's Labor Law § 191 claim, I respectfully dissent in part. I agree with the majority's decision in all other respects.

In the written offer of employment that defendant Bothe sent to plaintiff on behalf of defendant Opera Solutions, plaintiff was invited to become an "Associate Principal" in the New York office and receive an annual base salary of $200,000. In addition, plaintiff was to receive commissions "payable as a percentage of project margins" at the end of each year. The commission rate was to be 10% for "cumulative [gross margins] between $0 and $2,000,000" and 20% for "cumulative [gross margins] between $2,000,000 and above." The offer letter provided that the commission rates were those "reasonably expected to be paid," but that they "may be modified at any time by Opera Solutions." The Offer Letter also explicitly provided that plaintiff was an "at will" employee.

On April 6, 2009, plaintiff resigned from Opera Solutions. Plaintiff claims that defendants "unilaterally, retroactively, and illegally changed the agreed commission/bonus schedule, and claimed that he was only entitled to $304,613 under a new illegal schedule." Plaintiff asserts causes of action for, inter alia, breach of contract and violation of Labor Law §§ 191 and 193. Defendants moved for partial dismissal. On October 14, 2009, the motion court dismissed plaintiff's first cause of action for violations of the Labor Law in its entirety. It also dismissed plaintiff's fifth cause of action for fraud in the inducement. Plaintiff's breach of contract claim against defendant Opera Solutions remained. Plaintiff appealed from the partial dismissal.

I agree with the majority that it was appropriate to dismiss the first cause of action against the individual defendants. I also agree with the majority that the motion court was correct to dismiss plaintiff's claim under Labor Law § 193, but not for the reasons the majority stated. To state a claim under Labor Law § 193, plaintiff must allege a specific deduction from wages (*see Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v Fleming*, 32 AD3d 566, 567 [2006]). Here, plaintiff contends that defendant reduced the commission percentage to which he was entitled. He does not allege that defendants made deductions from those commissions. Thus, this is merely a dispute over the calculation of commissions, to which Labor Law § 193 does not apply (*id.*).

However, plaintiff has stated a valid claim under Labor Law § 191. This section provides that an employer cannot withhold wages after the termination of employment. This section applies to commissioned salespersons, but does not apply to persons serving in an executive, managerial or administrative capacity (*Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 615 [2008]). Defendants insist that plaintiff falls within this exclusion for executives, pointing out that plaintiff served as the second highest level executive, "only one step below the Principals, and was paid more than $450,000 in his first eight months of employment." However, plaintiff claims he was merely a management consultant employee who only performed services and that he did not perform any activities of a supervisory, executive or administrative nature. Thus, at this prediscovery juncture, whether plaintiff was the type of employee that section 191 protects remains a question of fact, precluding dismissal.