Orders, Supreme Court, New York County (Debra A. James, J.), entered March 8, 2013, which, respectively, denied defendants’ motion for summary judgment dismissing the complaint, and granted plaintiffs’ motion for class certification, unanimously affirmed, without costs.
The record does not conclusively demonstrate whether the “Shared General Expense” (SGE) that was deducted from certain employees’ total compensation was, as defendants argue, part of the calculation of the employees’ commissions or, as *574 plaintiffs argue, a deduction from wages in violation of Labor Law § 193. While defendants’ arguments presume that the SGE deduction was part of the commission calculation, defendants proved neither that contention nor, in the admitted absence of an express agreement as to when commissions were earned and became wages, the contention that plaintiffs impliedly agreed to the deduction (see Pachter v Bernard Hodes Group, Inc., 10 NY3d 609, 616-617 [2008]; Cuervo v Opera Solutions LLC, 87 AD3d 426 [1st Dept 2011]). Indeed, the record pages to which defendants themselves cite show that, until mid-July 2008, plaintiffs did not properly understand the purpose of the deduction, believing it to be a setoff for defendants’ matching contributions to the employee benefits system. Only when defendants stopped matching contributions, and plaintiffs inquired, did defendants advise that the SGE was not a deduction from gross commissions but a part of the calculation itself. Moreover, the commission reports issued by defendants throughout the relevant period reflect that the commissions were earned before the SGE was deducted.
Contrary to defendants’ contention, plaintiffs satisfied the commonality prerequisite for class certification (see CPLR 901; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 421-422 [1st Dept 2010]). All members of the class allege the deprivation of monies that defendants allegedly wrongfully deducted as SGE (see City of New York v Maul, 59 AD3d 187, 189-190 [1st Dept 2009], affd 14 NY3d 499 [2010]). We reject defendants’ contention that individual issues will predominate because the court will have to determine what each member of the class understood the SGE deduction to be and whether he or she objected to it. The central issue is when commissions were earned, and that is the same for all class members. It is only after that issue is determined that the court may be required to consider whether there was an implied agreement to alter the time when commissions were earned, and, as the motion court found, no individualized consideration will be required as to an implied agreement because defendants intentionally treated all class members the same way. In any event, the other questions of law or fact common to the class would still predominate over any such individual question (see CPLR 901 [a] [2]).
Defendants’ remaining arguments in opposition to class certification are unavailing since they are all premised on the contention that there is a lack of commonality. Concur — Sweeny, J.P., Renwick, Feinman and Clark, JJ. [Prior Case History: 2013 NY Slip Op 30465(U).]