■ SEBASTIAN AREVALO, Appellant, v SEYMOUR M. BURG, Respondent. [10 NYS3d 231]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 23, 2014, which denied plaintiff's motion for leave to amend his complaint to add a claim for retaliation under Labor Law § 215, unanimously affirmed, without costs.

The court properly denied plaintiff's motion for leave to amend the complaint because the proposed retaliation claim is insufficient (*see Bishop v Maurer,* 83 AD3d 483, 485 [1st Dept 2011]). As we have previously noted, "It is the rare case that the filing of a counterclaim can serve as the basis for a retaliation claim" (*Klein v Town & Country Fine Jewelry Group,* 283 AD2d 368, 369 [1st Dept 2001]). There is nothing to indicate that the interposition of defendant's counterclaims in any way chilled plaintiff's exercise of his rights (*id.*). Plaintiff's contention that *Klein* is distinguishable because it involved discrimination rather than the Labor Law is unavailing. The cases cited by plaintiff state that the retaliation analysis under Title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*), an anti-discrimination statute, applies to the Labor Law (*see Torres v Gristede's Operating Corp.,* 628 F Supp 2d 447, 471-472 nn 18, 19 [SD NY 2008]; *Fei v WestLB AG,* 2008 WL 594768, *2 n 2, 2008 US Dist LEXIS 16338, *6-7 n 2 [SD NY, Mar. 5, 2008, No. 07-CV-8785 (HB) (FM)]).

In addition, defendant's interposition of what appear to be valid counterclaims would not dissuade a reasonable worker from suing his or her employer for violating the Labor Law (*see Burlington N. & S. F. R. Co. v White,* 548 US 53, 68-69 [2006]).

Finally, plaintiff's proposed retaliation claim is insufficient because it contains no factual allegations that "sufficiently suggest that [defendant]'s counterclaims could have a direct, adverse impact on [plaintiff]'s present employment or future employment prospects" (*Kreinik v Showbran Photo, Inc.,* 2003

WL 22339268, *7, 2003 US Dist LEXIS 18276, *23 [SD NY, Oct. 14, 2003, No. 02-Civ-1172 (RMB) (DF)]). Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.