■ TOD A. WENDER, Appellant, v GA GLOBAL MARKETS, LLC, Respondent. [46 NYS3d 887]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 25, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established prima facie its entitlement to summary judgment. Plaintiff's disparagement of defendant and disclosures of certain information to clients and competitors violated the parties' employment agreement and constituted cause for termination. In opposition, plaintiff failed to raise a triable issue of fact, even considering his affidavit. His speculative contention that his employment was terminated because of personal animosity is belied by the record.

The employment agreement provided that defendant would give plaintiff written notice of the cause for termination and an opportunity to cure a failure, "to the extent the failure is curable, as determined by [defendant] in is sole discretion." Because any written notice of cause as a condition precedent to termination would have been futile, defendant was relieved of that obligation (*see J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc.*, 15 AD3d 444, 446 [2d Dept 2005]).

The reduction in plaintiff's salary was done in accordance with the terms of his employment contract, and therefore does not constitute a violation of Labor Law § 193 (*see Cuervo v Opera Solutions LLC*, 87 AD3d 426 [1st Dept 2011]). Nor does it constitute conversion or unjust enrichment. The unjust enrichment claim must be dismissed for the additional reason that there is no dispute as to the existence of a valid contract

(*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]; *Nakamura v Fujii*, 253 AD2d 387, 390 [1st Dept 1998]).

Defendant's counterclaims do not constitute a basis for plaintiff's claim of retaliation in violation of Labor Law § 215 (1) (*see Arevalo v Burg*, 129 AD3d 417 [1st Dept 2015]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.