Gold v New York Life Ins. Co. (2021 NY Slip Op 02103)





Gold v New York Life Ins. Co.


2021 NY Slip Op 02103


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 653923/12 Appeal No. 13525 Case No. 2020-02641 

[*1]Avraham Gold et al., Plaintiffs-Respondents,
v
New York Life Insurance Co., et al., Defendants- Appellants.


Morgan, Lewis & Bockius LLP, New York (Sean P. Lynch of counsel), and (Michael L. Banks of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellants.
Lovell Stewart Halebian Jacobson LLP, New York (John Halebian of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 28, 2020, which granted plaintiffs' motion to certify two classes of plaintiffs pursuant to CPLR 901, unanimously modified, on the law, to exclude from each class those individuals who signed the 2011 or later contracts, which contained arbitration provisions, and otherwise affirmed, without costs.
Given the written, standardized agreements and practices of defendants, common issues will likely predominate on the issue of establishing liability under Labor Law § 193 and on the issue of whether certain agents are independent contractors (Orgill v Ingersoll-Rand Co., 110 AD3d 573, 574 [1st Dept 2013]; Hart v Rick's Cabaret Intl. Inc., 2010 WL 5297221, *7, 2010 US Dist LEXIS 137129, *20 [SD NY, Dec. 20, 2010, No. 09 Civ. 3043 (JGK)]).
Because the named plaintiffs have no conflict of interest with the class members and because they have the same claims under the same theories, they satisfied both adequacy and typicality under CPLR 901 (Martin v Restaurant Assoc. Events Corp., 2013 WL 4351788, 2013 NY Misc LEXIS 7214,*17-18 [Sup Ct, Westchester County, Jan. 7, 2013]; Ackerman v Price Waterhouse, 252 AD2d 179, 201-202 [1st Dept 1998]).
The arbitration and waiver clause of defendants' agreements from 2011 onward are enforceable (Gold v New York Life Ins. Co., 32 NY3d 1009, 1010 [2018]). Since the provisions, by their plain terms, bar signatories from being members of a class action, those individuals must be excluded from the certified classes (Kirkpatrick v J.C. Bradford & Co., 827 F2d 718, 725 [11th Cir 1987], cert denied 485 US 959 [1988]).
While the phase of the action may involve separate calculations for the individual class members, this does not militate against certification (Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 23 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021