Yegoryan v BB Med. & Dermatology P.C. (2026 NY Slip Op 00041)

Yegoryan v BB Med. & Dermatology P.C.

2026 NY Slip Op 00041

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

CV-24-1026
[*1]Mary Yegoryan, Appellant,
vBB Medical & Dermatology P.C., Doing Business as Luna Dermatology, et al., Defendants.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Charny & Wheeler PC, Rhinebeck (H. Joseph Cronen of counsel), for appellant.

Pritzker, J.P.
Appeal from an order of the Supreme Court (Julian Schreibman, J.), entered May 8, 2024 in Ulster County, which, among other things, denied plaintiff's motion to amend the complaint.
In October 2020, plaintiff became employed as a physician assistant for defendants and was subsequently diagnosed with breast cancer. In September 2021, plaintiff informed defendant Brooke Bair about her diagnosis and, soon thereafter, defendants terminated plaintiff's employment. In April 2022, plaintiff filed a summons and complaint against defendants alleging, among other things, discrimination on the basis of her cancer diagnosis, a disability under the Human Rights Law (see Executive Law § 290 et seq.). In June 2022, defendants, through their counsel, sent a hold letter to plaintiff's current employer informing the employer of the litigation and requesting that the employer preserve any evidence related to the matter. Plaintiff then filed a "[f]irst [a]mended [v]erified [c]omplaint," as of right, to include an additional cause of action for retaliation pursuant to Executive Law § 296 (7), alleging that defendants had retaliated against plaintiff for commencing the instant action by sending the hold letter to plaintiff's employer. Defendants responded by filing a motion to dismiss the complaint in its entirety or, in the alternative, to strike the retaliation allegations as added by way of the first amended complaint. Supreme Court ultimately denied the motion to dismiss the complaint in its entirety as well as the request to strike the retaliation allegations.[FN1]
In September 2023, plaintiff filed a motion to amend her first amended verified complaint seeking to add a cause of action against defendants' counsel, Ellen Holloman, in her individual capacity, for aiding and abetting defendants' retaliatory conduct by drafting, signing and sending the hold letter. Soon thereafter, defendants timely filed an answer to plaintiff's first amended verified complaint and asserted counterclaims alleging that (1) plaintiff breached her contract with defendant BB Medical & Dermatology P.C.; and (2) that plaintiff intentionally inflicted emotional distress (hereinafter IIED) on Bair when plaintiff filed the first amended verified complaint. The next day, defendants filed a cross-motion seeking sanctions and counsel fees for plaintiff's frivolous motion to amend seeking to add a cause of action against Holloman. Plaintiff responded with a motion seeking counsel fees and costs incurred in opposing defendants' "frivolous" cross-motion.
Plaintiff then filed another motion seeking, among other things, dismissal of Bair's IIED counterclaim and to further amend her first amended verified complaint to add causes of action for retaliation based upon allegedly frivolous breach of contract and IIED counterclaims (hereinafter the instant motion). Defendants, thereafter, amended their answer to withdraw the IIED counterclaim and further opposed plaintiff's motion to amend its complaint. After [*2]oral argument on both parties' motions, Supreme Court denied all motions in their entirety.[FN2] Plaintiff appeals.[FN3]
Plaintiff's contentions on appeal relate solely to the denial of the instant motion to add causes of action alleging that defendants retaliated against plaintiff by filing frivolous breach of contract and IIED counterclaims. As relevant here, "CPLR 3025 (b) states that a party may amend his or her pleading at any time by leave of court, and that such leave shall be freely given" (Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024] [internal quotation marks, brackets and ellipsis omitted])."The rule on a motion for leave to amend a pleading is that, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Walden v Varricchio, 195 AD3d 1111, 1113 [3d Dept 2021] [internal quotation marks and citations omitted]). "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent an abuse of that discretion" (Mohammed v New York State Professional Fire Fighters Assn., Inc., 209 AD3d 1151, 1152 [3d Dept 2022] [internal quotation marks and citations omitted]; see Petry v Gillon, 199 AD3d 1277, 1280 [3d Dept 2021]). As relevant here, in order to establish a retaliation claim, "the plaintiff must show that (1) they have engaged in protected activity, (2) the defendant was aware that the plaintiff participated in the protected activity, (3) the plaintiff suffered adverse action based upon the activity, and (4) there is a causal connection between the protected activity and the adverse action" (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 331 [2024] [internal quotation marks and citation omitted]; see Mikesh v County of Ulster, 237 AD3d 1285, 1290 [3d Dept 2025]).
Initially, we agree with plaintiff that Supreme Court erred in finding that portion of the instant motion seeking to add a cause of action for retaliation to be moot based upon defendants' withdrawal of their IIED counterclaim. Indeed, the retaliatory action alleged by plaintiff is the filing of the allegedly frivolous counterclaim, thus subsequent withdrawal would not, in and of itself, render moot the cause of action which plaintiff seeks to add (see generally Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d at 333-334; Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 69 [3d Dept 2019]). As such, we address the merits as to the instant motion seeking to add causes of action based upon both the IIED and breach of contract counterclaims.
As relevant here, "anti-retaliation provisions are designed principally to deal with retaliatory conduct that occurs outside the judicial system" (Klein v Town & Country Fine Jewelry Group, 283 AD2d 368, 369 [1st Dept 2001] [internal quotation marks, [*3]ellipsis and citation omitted]). To that end, "[a]nti-retaliation provisions prevent employers from intimidating plaintiffs thereby discouraging plaintiffs from seeking legal remedies. Once a lawsuit has been filed, courts have the tools to deal with counterclaims that are truly retaliatory or made in bad faith" (Glass v IDS Fin. Servs., Inc., 778 F Supp 1029, 1061 n 53 [D Minn 1991]). In fact, "[i]t is the rare case that the filing of a counterclaim can serve as the basis for a retaliation claim" (Klein v Town & Country Fine Jewelry Group, 283 AD2d at 369; see Arevalo v Burg, 129 AD3d 417, 417 [1st Dept 2015]). Here, given that there is "no evidence . . . to indicate nor any reason to believe that the interposition of the counterclaim[s] in any way chilled plaintiff's exercise of her rights, her claim of retaliation should not be entertained" (Klein v Town & Country Fine Jewelry Group, 283 AD2d at 369; see Arevalo v Burg, 129 AD3d at 417). Moreover, plaintiff's proposed amendments are "palpably insufficient" as she asserts only conclusory allegations that defendants filed these counterclaims because of retaliatory animus toward plaintiff (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]; see e.g. Anandaraja v Icahn Sch. of Medicine at Mount Sinai, 227 AD3d 533, 536 [1st Dept 2024]; Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]; Whitfield-Ortiz v Department of Educ. of City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]). Accordingly, because the proposed amendments are palpably insufficient and devoid of merit, Supreme Court did not abuse its discretion in denying the instant motion (see Arevalo v Burg, 129 AD3d at 417; Klein v Town & Country Fine Jewelry Group, 283 AD2d at 369). We have reviewed plaintiff's remaining contentions and find them lacking in merit.
Fisher, McShan, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Though not relevant to plaintiff's appeal, Supreme Court did dismiss a cause of action based upon an alleged failure to provide accurate wage statements pursuant to the Labor Law.

Footnote 2: Prior to oral arguments, plaintiff filed a motion for summary judgment. Although Supreme Court did not intend to consider plaintiff's motion for summary judgment at oral argument and rather schedule a later date, in its decision and order Supreme Court determined that oral arguments were not necessary and denied the motion for summary judgment.
Footnote 3: Defendants have not filed a brief.