| |
|:---:|
| **Dorfman v SkinnyBond Inc.** |
| 2026 NY Slip Op 30936(U) |
| March 10, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161361/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

-----------------------------------------------------------------------------------X

AMANDA DORFMAN, MARY HENNESSY, PATRICIA GILES, SARAH BONNER, ZASHA PUERTA,

|  | |  |
|---|---|---|
| **INDEX NO.** | | 161361/2024 |

Plaintiff,

| **MOTION DATE** | 06/11/2025 |
|---|---|

- v -

SKINNYBOND INC.,SKINNYEAST INC.,SKINNYTOPICAL LLC,SKINNEYMGMT INC.,ADRIANA MARTINO, MARISA MARTINO

| **MOTION SEQ. NO.** | 001 |
|---|---|

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------------X

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21

were read on this motion to/for          DISMISS                                    .

Upon the foregoing documents, it is

Before the Court is the motion by Defendants SkinnyBond Inc., SkinnyEast Inc., SkinnyTopical LLC, SkinneyMGMT Inc., Adriana Martino, and Marisa Martino (collectively, "Defendants" or "Skinney") to dismiss the amended verified complaint of the plaintiffs Amanda Dorfman, Mary Hennessy, Patricia Giles, Sarah Bonner, and Zasha Puerta (collectively, "Plaintiffs") pursuant to CPLR § 3211(a)(7), For the reasons set forth below, the motion to dismiss is granted in its entirety.

The plaintiffs are current and former employees who worked in various sales and sales-related capacities at medical spa facilities operated by the defendants. The plaintiffs were compensated solely on a commission basis without any guaranteed salary. In their amended complaint (NYSCEF Doc. 7), the plaintiffs assert a putative class action alleging violations of New York Labor Law ("NYLL") §§ 193, 191(1)(c), 195(3), and 215, as well as a common law breach of contract claim.

The plaintiffs were compensated on a commission basis. In their amended complaint, the plaintiffs challenge the defendants' practice of utilizing a ten percent across-the board deduction on employees' commissionable sales to account for

internal business costs—such as credit card processing fees and the cost of goods sold. The plaintiffs allege this formula constitutes an unlawful deduction from their earned wages in violation of NYLL § 193. Plaintiffs further allege that Defendants violated NYLL § 191(1)(c) and breached common law by failing to issue written contract amendments reflecting this practice. They also claim Skinney failed to provide compliant wage statements under NYLL § 195(3). Lastly, the plaintiffs claim that following the commencement of this action, Skinney engaged in unlawful retaliation under NYLL § 215 by fostering an oppressive environment that led to constructive discharge and by forcing employees to sign new commission agreements containing onerous arbitration clauses and class-action waiver provisions.

The defendants move to dismiss, providing documentary evidence—including signed offer letters, signed 2022 policy acknowledgments, monthly commission reports, and the January 2025 Commission Agreements—to argue that the ten percent adjustment is a lawful component of a valid commission calculation formula that allows employers such as Skinney to lawfully deduct certain business expenses upfront before calculating an employee's commissions. The defendants maintain that the plaintiffs explicitly and implicitly consented to this formula as at-will employees. The defendants also maintain that the plaintiffs' retaliation claims are entirely conclusory.

On a motion to dismiss pursuant to CPLR § 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, bare legal conclusions and factual claims which are flatly contradicted by the record or documentary evidence are not presumed to be true (*see Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141-142 [2017]). Furthermore, under CPLR § 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual allegations and conclusively establishes a defense as a matter of law (*see Fortis Fin. Servcs, LLC v Fimat Futures USA*, 290 AD3d 383,383 [1st Dept. 2002]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002] [3211(a)(1) motion should be granted "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law."])

The central legal issue is whether the ten percent adjustment applied to the plaintiffs' sales constituted an illegal deduction from an already earned wage, or whether it was a lawful pre-earning methodology used to calculate the commission

161361/2024   DORFMAN, AMANDA ET AL vs. SKINNYBOND INC. ET AL          Page 2 of 6
Motion No.  001

2 of 6

[* 2]

itself.  NYLL § 193 prohibits an employer from making any deduction from the wages of an employee unless such deductions are made in accordance with the provisions of any law or are expressly authorized in writing by and for the benefit of the employee.   Plaintiffs heavily rely on *Angello v. Labor Ready, Inc.* and *Swanson v. Manhattan Beer Distributors LLC* to argue that the ten percent adjustment is an illegal indirect deduction from their earned wages that serves only to benefit the employer (*see Angelo v Labor Ready, Inc.*, 7 NY3d 579, 582-583 [2006]; *Swanson v Manhattan Beer Distributors LLC*, 2002 WL 13560054 [2002]).  The plaintiffs argue that under common law, a commission is earned the exact moment a willing buyer enters a transaction, and therefore, any deduction applied to the sale after the transaction is completed comes too late and is an unauthorized wage deduction.

The plaintiffs' analysis is incomplete and/or not applicable to the facts of this case.  The rule that a salesman earns a commission the moment a buyer indicates that he or she is willing and able to enter into the transaction is usually applied in the context of brokerage agreements for the sale of real estate (*see Srour v Dwelling Quest Corp.*, 5 NY3d 874, 875 [2005]; *Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987]).   Even assuming that common law may provide a default rule for when a commission is earned in the case of the sale of goods and services, it is well-settled that employers and employees are entirely free to depart from any common law rules and contractually agree that a commission is deemed earned only after downward adjustments for business costs are made (*see Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 617 [2008]).  That is the clear holding of the Court of Appeals in *Pachter*.  In the event the parties agree that the computation of the commission shall include certain downward adjustments from gross sales, billings or receivables, the commission will not be deemed earned or vested until the computation of the agreed-upon formula is completed (*id.* at 617-618).

The defendants have demonstrated that this is exactly what happened in this case.  Unlike *Angello*, which involved charging an employee a fee to cash a voucher after daily wages were already fully calculated and earned, the ten percent adjustment here is baked into the formula used to calculate the commission in the first place.  The plaintiffs argue that the ten percent adjustment was never truly a built-in formula because Skinney paused the deduction from May 2021 to December 2022 and repeatedly shifted its justification for the deduction (from credit card fees to cost of goods sold).  This argument fails under New York's at-will employment doctrine.  Under New York law, when there is an at-will employment relationship, an employer may unilaterally and prospectively alter the

161361/2024   DORFMAN, AMANDA ET AL vs. SKINNYBOND INC. ET AL          Page 3 of 6
Motion No.  001

3 of 6

[* 3]

terms of employment and the employee assents to the new terms by electing to remain in the employment rather than resigning (*see Cuervo v Opera Solutions LLC*, 87 AD3d 426, 428 [1st Dept 2011]; *Kronick v L.P, Thebault Co., Inc.*, 70 AD3d 648, 649 [2d Dept 2010]; *Walden v Englishtown Sportswear*, *Ltd.*, 92 AD2d 833, 835 [1st Dept 1983]).

The documentary evidence conclusively establishes that Skinney repeatedly provided clear, prospective notice of the compensation formula. Multiple offer letters explicitly state: "SKINNEY Medspa implements a policy of deducting 10% from overall commission sales to cover Alphaeon fees, as well as credit card processing fees."  In December 2022, employees signed an acknowledgment confirming the resumption of this ten percent deduction policy starting in January 2023.  In 2025, employees signed new Commission Agreements explicitly defining "Net Sales" as gross revenue less ten percent for cost of goods and stating that commissions are only deemed earned on the date of distribution.  Because the plaintiffs continually received notice of these adjustments and chose to continue working, they explicitly and implicitly consented to this calculation formula as a matter of law (*see Waldman*, 92 AD2d at 835).  Because the downward adjustment occurred as part of a consented-to calculation before the commissions legally vested, no illegal wage deduction ever occurred. Therefore, the plaintiffs' NYLL § 193 claims are dismissed.

The plaintiffs further allege that the defendants violated NYLL § 191(1)(c) and breached common law contracts by failing to issue written contract amendments reflecting their practice of deducting commissions by ten percent to reflect business costs.  In their opposition to the motion to dismiss, the plaintiffs clarify that they are not suing because Skinney failed to provide notice of the commission changes, but rather because Skinney allegedly breached common law contracts and NYLL § 191(1)(c) by implementing the ten percent deduction without generating signed, written contract amendments.  This argument is procedurally and substantively meritless.  Procedurally, there is no private right of action for an employer's failure to furnish a written commission agreement or amendment under NYLL § 191(1)(c); such infractions are enforceable exclusively by the Commissioner of Labor via civil penalties. (*See* NYLL § 218.) Substantively, the breach of contract claim fails because, as at-will employees, Skinney was permitted to prospectively alter the commission structure at any time. As set forth above, the plaintiffs continued their employment following each modification and accepted their monthly commission payouts by consenting to the new terms, and therefore no actionable breach of contract occurred.

The plaintiffs also allege that their wage statements violated NYLL § 195(3) because Skinney failed to furnish statements detailing the specific underlying mathematical basis for the improper commission deductions taken. First, because this Court finds there were no improper deductions under NYLL § 193, this derivative claim likewise fails. Second, controlling precedent establishes that NYLL § 195(3) only requires wage statements to accurately detail what an employee was actually paid. Employers are not legally required to include all the mathematical data or underlying formulas necessary for an employee to independently recalculate their commission on the wage statement itself (*see Hernandez Tech., Inc. v Rivera*, 239 AD3d 1354 [4th Dept 2025]). This claim is dismissed.

Finally, the plaintiffs allege that after they filed this lawsuit, Skinney retaliated by bullying them, forcing them to choose sides, threatening them with demotions and forcing them to sign new 2025 Commission Agreements containing arbitration and class action waivers. The plaintiffs argue that under New York's liberal notice pleading" their allegations provide sufficient detail to survive dismissal, and that the defendants' requests for additional details are requests for granular information that is best obtained through the normal discovery process. The Court disagrees. While notice pleading is liberal, bare legal conclusions and vague, boilerplate assertions without factual specificity are always insufficient to survive a motion to dismiss. The plaintiffs have not specified who was targeted, what concrete actions were taken, or when they occurred regarding the alleged threats of demotion and bullying. Furthermore, while the plaintiffs claim two employees were involuntarily forced to depart, the Amended Complaint lacks any particularized allegations showing that Skinney deliberately and intentionally made working conditions so difficult that a reasonable person would be compelled to resign, as is required to establish constructive discharge (*see Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621 [2006]). Indeed, the defendants ultimately issued an updated standard commission agreement to all its employees which explicitly carved out this pending litigation from its arbitration clause. The retaliation claims are dismissed.

Accordingly, the motion to dismiss the complaint is granted and the complaint is hereby dismissed in its entirety.

161361/2024   DORFMAN, AMANDA ET AL vs. SKINNYBOND INC. ET AL          Page 5 of 6
Motion No.  001

5 of 6

The forgoing constitutes the decision and order of this court

20260310165339NWOYNE22187 3D569A494496BB9B3DD07E1276F7

| 3/10/2026 | | | NICHOLAS W. MOYNE, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 6]